EDWARD M. MORRIS et al., Appellants, *v.* WILLIAM G. HENRY et al., Respondents.

**Judicial sale — cannot be attacked upon the ground of a subsequent change in interpretation of law.**

A change in the rule of law cannot impair the obligation of a contract. Where a judicial sale of land was made in accordance with the directions and requirement of an order of the court, the law as then declared entered into the contract of sale and conveyance, and the sale is valid and will not be interfered with.

*Morris* v. *Henry*, 166 App. Div. 970, affirmed.

(Argued May 17, 1917; decided June 5, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered February 5, 1915, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Sardius D. Bentley* for appellants. This action is not barred by order of the Supreme Court made in the proceeding instituted by the trustee; nor are these appellants estopped to prosecute this action by that order or by the deed made by the trustee; nor are the questions raised in this suit *res adjudicata*. (*Durant* v. *Abendroth*, 97 N. Y. 132; *Rose* v. *Henly*, 4 Cranch, 241; *Risley* v. *Phœnix Bank*, 83 N. Y. 318; *State of Rhode Island* v. *Comm. of Massachusetts*, 12 Pet. 657; *Wilcox* v. *Jackson*, 13 Pet. 511; *Thompson* v. *Whitman*, 18 Wall. 457; *The Confiscation Cases*, 20 Wall. 107; *Chemung Canal Bank* v. *Judson*, 8 N. Y. 254; *Dalzell* v. *O'Dell*, 3 Hill, 215; *Frost* v. *Saratoga Mut. Ins. Co.*, 5 Den. 154; *Sparrow* v. *Kingman*, 1 N. Y. 242.)

*Clarence W. McKay, Asher P. Whipple, Frederick M. Whitneg, R. C. Westbury, Burlew Hill, Nicholas J.*

*Weldgen* and *Herbert L. Bentley* for respondents.   The issues raised in this action are *res adjudicata,* and to reverse or reopen a final judgment between the same parties and upon the same facts would be detrimental to public interest, and would tend to destroy all respect for the court's solemn decrees. (*People* v. *Lazansky,* 208 N. Y. 435; *Roberts & Co.* v. *Buckley,* 145 N. Y. 215; *Straus* v. *American Publishers' Assn.,* 193 N. Y. 498; *Goebel* v. *Iffla,* 111 N. Y. 170; *Childs* v. *Childs,* 150 App. Div. 656.)

Collin, J.   The plaintiffs seek in this action an adjudication that an order granted by the Supreme Court on November 7, 1891, the sale pursuant to it, and the deed given to effect the sale were and are void as against the plaintiffs.   Thus far they have been defeated.

Immediately after the order of November 7, 1891, was entered the plaintiffs by their guardian *ad litem* appealed from it to the General Term of the Supreme Court. Their appeal resulted in an order affirming the order appealed from. (*Matter of Morris,* 63 Hun, 619.) Their appeal to this court was likewise unsuccessful. (*Matter of Morris,* 133 N. Y. 693.)   Subsequent to the decision of this court the sale and the deed attacked by them then and in this action were executed.

The exact claims of the plaintiffs asserted in this action were decided adversely to them in the former proceeding by this court.   The tract of land involved and the facts and conditions under investigation and adjudication in that proceeding and in this action are identical.   The plaintiffs assert, however, that our decision in *Losey* v. *Stanley* (147 N. Y. 560) is in direct conflict with our prior decision already mentioned, and should constrain us to reverse the present judgment.   We do not enter upon the consideration of the assertion.   We decided that the order directing the sale of the tract of land was in all respects valid.   The sale and deed were made in accordance with

7

the directions and requirements of the order. The grantee under the sale and deed acquired a title to the land which the law of the state had declared valid, in so far as the order here attacked was involved. The law, as declared, entered into the contract of sale and conveyance. A change in the rule of law cannot impair the obligations of the contract. (*Muhlker* v. *N. Y. & Harlem Railroad Co.*, 197 U. S. 544.) This decision does not question the general rule enunciated in the *Losey* case.

The judgment apppealed from should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.