Milano et al., Appellants, *v.* Merchant et al., Appellees.

(No. 430—Decided March 3, 1942.)

*Mr. Hercule Paulino,* for appellants.
*Mr. Cary S. Sheldon,* for appellees.

PHILLIPS, J.   Plaintiffs appeal to this court on questions of law from a judgment of the Municipal Court of Ashtabula entered for defendants upon plaintiffs' failure to plead further to an order sustaining defendants' demurrer and dismissing plaintiffs' second amended petition on the ground that it did not allege facts constituting a cause of action against defendants in an action to recover an amount due under an alleged oral contract for rent for the use and occupancy of plaintiffs' dwelling house.

Plaintiffs alleged in the second amended petition purchase and ownership of the property in question, defendants' tenancy thereof with the former owner at a stipulated monthly rental of $20, their oral agreement with plaintiffs prior and subsequent to such purchase to remain as plaintiffs' tenants thereafter at the same rental, their occupancy thereof from November 12, 1938, until and including December 8, 1938, in accordance therewith, and their failure to pay any rental for such period.   Plaintiffs further alleged that by reason of such use and occupancy by defendants plaintiffs were entitled to recover from the latter the sum of $18 for which amount they prayed judgment together with costs.

Plaintiffs contend that the second amended petition alleged occupancy by defendants of the involved premises and sufficient part performance of the oral contract, though required by law to be in writing, and benefit to defendants arising therefrom as to take "the case out of the statute of frauds," and accordingly that the pleading was not subject to demurrer.

Defendants claim that plaintiffs pleaded an oral

contract for the creation of a month to month tenancy which is within the statute of frauds and alleged no such possession by defendants as to take it out of such statute or establish the relationship of landlord and tenant, or such delivery of possession to defendants as to raise an implied contract to pay rent or allegations showing plaintiffs' right to any rent which may have accrued at the time of the purchase of the reversion by them and accordingly the lower court properly sustained defendants' demurrer and dismissed plaintiffs' second amended petition.

The demurrer to the second amended petition admits all material facts well pleaded, as well as all reasonable inferences which may be drawn therefrom, and such facts must be assumed to be true in determining the sufficiency of that pleading, and a determination of the right to dispose of this action on demurrer involves a consideration of the statute of frauds, Sections 8620 and 8621, General Code, the provisions of which are well known to counsel for the respective parties and need not be repeated here.

Without further discussion of the contentions of the parties or of the allegations of plaintiffs' second amended petition, which have been hereinbefore fully set forth, and together with the law applicable thereto, carefully studied, we are of opinion that defendants' possession under the facts alleged was referable to the oral agreement and new tenancy and there was a sufficient delivery of possession under that contract to remove the case from the operation of the statute of frauds. *Bumiller* v. *Walker*, 95 Ohio St., 344, 116 N. E., 797, L. R. A. 1918B, 96.

The judgment of the lower court is reversed and the cause is remanded.

*Judgment reversed.*

CARTER, P. J., and NICHOLS, J., concur.