## Evelyn P. Lonergan *v.* Connecticut Food Store, Inc.

HOUSE, C. J., COTTER, MacDONALD, BOGDANSKI and LONGO, Js.

Argued November 14, 1974—decision released March 18, 1975

*George S. Linardos,* with whom, on the brief, was *Francis R. Sablone, Jr.,* for the appellant (defendant).

*Herbert A. Lane,* with whom, on the brief, was *Jackson T. King, Jr.,* for the appellee (plaintiff).

LONGO, J. The plaintiff, Evelyn P. Lonergan, is the owner of a building, located at 1166 Main Street in Willimantic, consisting of two separate units rented as retail stores. In April, 1962, her husband began negotiating with the defendant's district representative for the leasing of the store that was vacant. Her husband, now deceased, informed her of the negotiations, and she authorized him to enter into a lease on her behalf for a reasonable period of time of approximately five years.

The written lease was prepared by the defendant. The lease, which has been made a part of the record, was for a term of five years beginning May 1, 1962. Paragraph 14 of the lease, however, contained the following provision for renewal: "Upon the expiration of the term of this Lease, the same, including this clause, shall automatically be extended for a period of one year and thence from year to year, unless the Lessee shall give notice to the Lessor of termination at least sixty (60) days before the end of the original term or any extension thereof."

The plaintiff, claiming that the lease did not create a right to perpetual renewal in the lessee, on numerous occasions demanded that the defendant vacate the premises upon the termination of the five-year term on April 30, 1967. Nonetheless, the defendant occupied the premises from the date of the lease and indicated no willingness to vacate voluntarily.

The action in four counts was instituted by the plaintiff on December 3, 1969, claiming possession of the premises, damages and cancellation of the lease. The case was referred to Hon. Joseph E. Klau, state referee, who, upon a hearing, found the issues for the plaintiff on all counts and granted all of the relief sought, including $9485 in damages. The defendant has appealed from the judgment.

## I

The defendant has assigned error in the conclusion of the referee, hereinafter referred to as the court, that the language of the lease could not be interpreted as creating a right in the lessee to renew the lease perpetually. The court's conclusions are to be tested by the finding. *Brockett* v. *Jensen,* 154 Conn. 328, 332, 225 A.2d 190. The conclusions reached by the court must stand unless they are legally or logically inconsistent with the facts found or unless they involve the application of some erroneous rule of law material to the case. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500.

Although this is the first occasion this court has had to rule on the issue, it is well settled in most other jurisdictions that, absent statutory provision to the contrary, the right to perpetual renewal of a lease is not forbidden by the law, either upon the ground that it creates a perpetuity or a restraint on alienation or upon any other ground, and such provisions, when properly entered into, will be enforced. *Nakdimen* v. *Atkinson Improvement Co.,* 149 Ark. 448, 456, 233 S.W. 694; *Williams* v. *J. M. High Co.,* 200 Ga. 230, 236, 36 S.E.2d 667; *Ehrhart* v. *Spencer,* 175 Kan. 227, 232, 263 P.2d 246; *In re State Highway Commissioner,* 372 Mich. 104, 108–109, 125 N.W.2d

482; *Lloyd's Estate* v. *Mullen Tractor & Equipment Co.*, 192 Miss. 62, 75–76, 4 So. 2d 282; *Blackmore* v. *Boardman*, 28 Mo. 420, 426; *Burns* v. *City of New York*, 213 N.Y. 516, 520, 108 N.E. 77; see also 61 Am. Jur. 2d, Perpetuities and Restraints on Alienation, § 41; 70 C.J.S., Perpetuities, § 11; annot., 31 A.L.R.2d 607, 622–23. We acknowledge the clear weight of authority as stating the correct view of the law on this issue.

Courts do not favor perpetual leases, however; thus a provision in a lease will not be construed as conferring a right to a perpetual renewal "unless the language is so plain as to admit of no doubt of the purpose to provide for perpetual renewal." *Thaw* v. *Gaffney*, 75 W. Va. 229, 232, 83 S.E. 983; see also *McLean* v. *United States*, 316 F. Sup. 827, 832–34 (E.D. Va.); and see, generally, cases collected in the annotation in 31 A.L.R.2d 607, 623–24 and supplement. Furthermore, "[a] perpetuity will not be regarded as created from an ordinary covenant to renew." *McLean* v. *United States*, supra, 829. Rather, "[t]here must be some peculiar and plain language before it will be assumed that the parties intended to create it." *Winslow* v. *Baltimore & O.R. Co.*, 188 U.S. 646, 655, 23 S. Ct. 443, 47 L. Ed. 635.

In this connection, we have stated that in determining the intention of the parties to a lease, "[t]he controlling factor is the intent expressed in the lease, not the intent which the parties may have had or which the court believes they ought to have had." *Ingalls* v. *Roger Smith Hotels Corporation*, 143 Conn. 1, 6, 118 A.2d 463; *Perruccio* v. *Allen*, 156 Conn. 282, 285, 240 A.2d 912; *Hansel* v. *Hartford-Connecticut Trust Co.*, 133 Conn. 181, 194, 49 A.2d

666; *Colonial Trust Co.* v. *Hilton, Inc.*, 111 Conn. 77, 83, 149 A. 513. Rather, "the lease must be construed as a whole and in such a manner as to give effect to every provision, if reasonably possible." *Ingalls* v. *Roger Smith Hotels Corporation*, supra; *Perruccio* v. *Allen*, supra; *Geyer* v. *Lietzan*, 230 Ind. 404, 409, 103 N.E.2d 199.

The language in paragraph 14 of the instant lease, insofar as it purports to create in the lessee the right of perpetual renewal, is far from clear. It states that, upon the expiration of the original five-year term, the lease, "including this clause, *shall automatically be extended* for a period of one year and *thence from year to year, unless the Lessee shall give notice* to the Lessor of termination at least sixty (60) days before the end of the original term or any extension thereof." (Emphasis added.) Nowhere in the provision appear any of the words customarily used to create a perpetual lease, such as "forever," "for all time," and "in perpetuity," words whose presence or absence in a lease is of considerable significance to a court in deciding whether a right of perpetual renewal was intended by the parties. *Geyer* v. *Lietzan*, supra; *McLean* v. *United States*, supra, 832; *Kilbourne* v. *Forester*, 464 S.W.2d 770, 773 (Mo. App.); annot., 31 A.L.R.2d 607, 624–25. It is true that the words in paragraph 14 emphasized above presume to characterize the successive renewals of the lease as self-executing (i.e., "automatic"). But such language is construed as creating a perpetual lease only when the renewal period to which it refers is for a specific term, usually as long as that provided in the original lease. See, e.g., *In re State Highway Commissioner*, 372 Mich. 104, 109, 125 N.W.2d 482. In the instant lease, these words are used in combination with language

describing the renewal period as one "from year to year." Where words of perpetuity are absent from the lease, courts generally do not construe a clause which establishes a renewal period as one merely "from year to year" as expressing an intention of the parties to create a perpetual lease. *McLean* v. *United States,* supra, 833–34; *Waldrop* v. *Siebert,* 286 Ala. 106, 109, 237 So. 2d 493; *Gould* v. *Harley,* 215 Mich. 234, 237, 183 N.W. 705; *Hallock* v. *Kintzler,* 142 Ohio St. 287, 289, 51 N.E.2d 905.

Moreover, neither paragraph 14, nor any other clause in the lease, provides for escalation of rent beyond the $175 per month agreed upon by the parties in paragraph 3. Of course, failure to include an escalation clause is not fatal; perpetual renewal upon the same terms as the original lease is an enforceable option. *Vokins* v. *McGaughey,* 206 Ky. 42, 43, 46, 266 S.W. 907; *In re State Highway Commissioner,* supra; *Tipton* v. *North,* 185 Okla. 365, 368, 92 P.2d 364. But an agreement to that effect is of such critical importance to parties creating a perpetual lease that it is generally stipulated in the same provision as that which creates the right in the lessee to perpetual renewal. *Vokins* v. *McGaughey,* supra; *In re State Highway Commissioner,* supra; *Tipton* v. *North,* supra. In the present lease, the lessor agreed, in paragraph 8, to repair the demised buildings and to repair and restore them in the event of partial or total destruction; in paragraph 12 the lessor agreed to pay all taxes, charges and assessments, including charges relating to the use of water. The absence of an escalation clause to provide a source of revenue from which the lessor might meet her continuing obligations under these two paragraphs strongly suggests that the creation of a right to perpetual

renewal was not the intention expressed by the parties in paragraph 14. See *McLean* v. *United States, supra.*

A review of the lease in its entirety establishes that there are sufficient facts to support the court's conclusion that the instrument does not create a right in the lessee to renew the lease perpetually. However, while the language of paragraph 14 did not clearly and unambiguously express an intention to create a perpetual lease, it specifically provides that the lease should be extended upon the expiration of the five-year term "for a period of one year and thence from year to year." In some cases, where the clause in question provides for renewal or extension only "from year to year," courts have concluded that the lessee does not thereby have a right to even one renewal but rather that what results is a tenancy from year to year terminable by either party upon proper notice. *McLean* v. *United States, supra; Tischner* v. *Rutledge,* 35 Wash. 285, 289, 77 P. 388. Such an approach is inappropriate here, since paragraph 14 is precise in providing not simply that the lease should be extended "from year to year" but that it should be extended for the definite period of one year upon the expiration of the original five-year term of the lease. We have stated that "[w]hen the plain meaning and intent of the language is clear, a clause in a written lease cannot be enlarged by construction. There is no room for construction where the terms of a writing are plain and unambiguous, and it is to be given effect according to its language." *Collins* v. *Sears, Roebuck & Co.,* 164 Conn. 369, 373–74, 321 A.2d 444. Moreover, the general rule is that where doubt exists as to the intention of the parties to create a right to perpetual

renewal, the provision in the lease purporting to create this right is viewed as establishing the length of the renewal period, the right to one such renewal, and thereafter, at most, a periodic tenancy terminable by either party upon giving proper notice. *Marsylak* v. *Fox,* 260 Mass. 127, 156 N.E. 856; *Hallock* v. *Kintzler,* 142 Ohio St. 287, 289, 51 N.E.2d 905; *Buckland* v. *Tarble,* 95 Vt. 87, 92, 112 A. 217; 50 Am. Jur. 2d, Landlord and Tenant, § 1171; 51C C.J.S. 188, Landlord and Tenant, § 61b; annot., 31 A.L.R.2d 607, 620.

We conclude that the language in paragraph 14 confers upon the lessee the right to one renewal for a period of one year beyond the term of the original lease, and establishes thereafter the possibility of a periodic tenancy terminable by either party. Thus, although there is ample evidence to support the court's conclusion that the language of paragraph 14 does not create a right to renew the lease perpetually, it does not follow therefrom, as the court also concluded, that upon the expiration of the original term the lessee became a "tenant at sufferance," i.e., one who came into possession of land rightfully but continues in possession wrongfully after his right thereto has terminated. *Welk* v. *Bidwell,* 136 Conn. 603, 608–609, 72 A.2d 295. Nor does it follow, as the court also concluded, that the defendant's right to possession ceased and the plaintiff was entitled to immediate possession on May 1, 1967, instead of May 1, 1968. To that extent the court erred in that these conclusions were inconsistent with the facts found, and involved the application of an erroneous rule of law material to the case. *Barnini* v. *Sun Oil Co.,* 161 Conn. 59, 63, 283 A.2d 217; *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500.

The court's error in this respect, however, is of no significance in this case. Under the terms of the lease, the defendant's right to possession of the premises, as we have indicated, terminated on April 30, 1968, with the expiration of the one-year renewal period. At trial the plaintiff acknowledged the defendant's right to possession during this one-year renewal period and declined to make any claim for damages suffered during that period. The plaintiff, however, has consistently manifested an intention not to treat the defendant as entitled to posssession for any length of time beyond the expiration of the initial renewal period; although the defendant continued to offer rental payments, the court found that on numerous occasions after the expiration of the lease the plaintiff demanded that the defendant vacate the leased premises, and it found that the plaintiff never intended the lease to be renewed perpetually by the defendant. Accordingly, after April 30, 1968, the defendant, in refusing to vacate upon the plaintiff's demand, continued in possession wrongfully and became a tenant at sufferance.[1] See *Welk* v. *Bidwell*, supra, 609. The court correctly concluded that the plaintiff was entitled to damages for unlawful retention of the property by the defendant after May 1, 1968, these damages consisting of the fair rental value of the property for the period during which the defendant

---

[1] The presumption that a periodic tenancy has resulted can be overcome by a finding of a contrary intention on the part of the lessor alone. *Weber* v. *Powers*, 213 Ill. 370, 382, 72 N.E. 1070; *Bumiller* v. *Walker*, 95 Ohio St. 344, 350-51, 116 N.E. 797; 49 Am. Jur. 2d, Landlord and Tenant, § 1136. Continued demand and acceptance of rent by the lessor need not negate an intention by the lessor, otherwise clearly expressed, not to allow the lessee to hold over upon the expiration of a term stipulated in the lease. *Welk* v. *Bidwell*, 136 Conn. 603, 609, 72 A.2d 295.

remained in unlawful possession. Implicit in this conclusion is the further conclusion that the plaintiff on May 1, 1968, also became entitled to immediate possession of the premises. See *Welk* v. *Bidwell,* supra, 608–609. The court, indeed, adopted this conclusion in its judgment, wherein it stated that "the plaintiff is entitled to immediate possession of the premises and for damages for unlawful . . . [retention] *since May 1, 1968.*" (Emphasis added.) This court will not remand a case to correct an erroneous conclusion where the judgment is properly supported by valid grounds. *West Hartford* v. *Willetts,* 125 Conn. 266, 271, 5 A.2d 13; *Todd* v. *Bradley,* 99 Conn. 307, 312, 122 A. 68; Maltbie, Conn. App. Proc. § 35.

## II

The defendant next assigns error in the court's evaluation of the damages due the plaintiff as an amount totaling $9485. This sum represented the difference between what the court concluded to be the fair market rental of the property and the amount actually received by the plaintiff, the period of computation extending from May 1, 1968—a year after the original five-year term of the lease expired—through June 15, 1973, the date on which judgment was rendered.

The obligation of the defendant, as a tenant at sufferance, with respect to damages was to pay the reasonable rental value of the property which it occupied without the plaintiff's consent. *Welk* v. *Bidwell,* 136 Conn. 603, 609, 72 A.2d 295. Essentially, the defendant has challenged the court's assessment of the fair rental value of the subject premises during the period in question. No attack, however, has been made upon the subordinate facts found by the court which establish, inter alia, the

fair market rental for premises similar to the subject premises during the period in question and the prevailing rate for comparable rental property during the same period. Rather, in urging upon us this assignment of error, the defendant asks us to consider certain facts which the defendant has never requested be added to the finding, and other facts which it has requested be added to the finding, but which the plaintiff has disputed. This court is without power to add to the finding facts which are not undisputed. Practice Book § 628 (a); *Stoner* v. *Stoner,* 163 Conn. 345, 347, 307 A.2d 146. Left undisturbed, the facts in the finding as such fully support the court's conclusion as to the fair rental of the subject premises during the period, so that we cannot say that the court erred in fixing damages at $9485.

### III

The defendant also assigns error in the court's conclusion that the lease was signed as a result of a mistake on the part of the plaintiff and her husband and that this fact, in combination with the inequitable conduct of the defendant's representative, entitled the plaintiff to, inter alia, cancellation of the lease. A prerequisite to the court's exercise of its power to grant the equitable relief of cancellation of a written instrument is that the relief otherwise available be wholly inadequate to do justice. *Benassi* v. *Harris,* 147 Conn. 451, 456, 162 A.2d 521; *Maruca* v. *Phillips,* 139 Conn. 79, 83, 90 A.2d 159; *Spencer* v. *Merwin,* 80 Conn. 330, 334, 68 A. 370. We need merely state on this question that the plaintiff in the present case has maintained basically that the lease is defective only to the extent that it purports to confer upon the defendant the right to renew the lease perpetually; she has never

challenged the validity of the five-year tenancy created in the lease. Consistent with this position, she has never claimed that the awarding of possession of the subject premises and damages as provided elsewhere in the judgment is inadequate. On the contrary, at trial the plaintiff modified her original claims for possession and damages by limiting their effectiveness to the period beginning May 1, 1968, instead of May 1, 1967. To cancel the entire lease, in short, would provide a remedy far more extensive than, and incompatible with, the actual relief to which the plaintiff has throughout this case argued she is entitled, and which she herself has demonstrated to be satisfactory. We conclude that the court was in error in granting the claim for cancellation.

Moreover, the judgment of cancellation based upon this conclusion conceivably would entitle the plaintiff to a different kind of monetary relief from that actually provided in the other portion of the court's judgment awarding damages. See, e.g., *Robert* v. *Finberg,* 85 Conn. 557, 564–65, 84 A. 366; cf. *Keyes* v. *Brown,* 155 Conn. 469, 476, 232 A.2d 486; *Haaser* v. *A. C. Lehmann Co.,* 130 Conn. 219, 221, 33 A.2d 135. Accordingly, the judgment should be modified to delete the clause stating "that the lease entered into between the defendant and the plaintiff's husband on the aforesaid premises is cancelled." See *Robert* v. *Finberg,* supra.

## IV

Finally, error is assigned in the court's conclusion that the plaintiff's husband had no authority to bind her to a lease exceeding five years, so that to the extent that the instrument purports to bind her to a lease exceeding five years it is of no force

and effect. In light of our discussion of the legal effect on its terms of paragraph 14 of the lease, however, it is immaterial whether this conclusion was erroneous, since the plaintiff's rights to immediate possession of the subject premises and to recovery of damages from the defendant as of May 1, 1968, the only forms of substantive relief properly granted, would remain unaltered. Thus we need not review this conclusion since to do so would not affect the final result. *Sea Beach Assn., Inc.* v. *Water Resources Commission,* 164 Conn. 90, 95, 318 A.2d 115; *Covino* v. *Pfeffer,* 160 Conn. 212, 217, 276 A.2d 895; *Harrison* v. *Union & New Haven Trust Co.,* 147 Conn. 435, 440, 162 A.2d 182. Nor would the changes in the finding which the defendant has requested and to which it is entitled alter the outcome of the case, so that we need not discuss the errors assigned in the court's refusal to find the facts set forth in the defendant's substitute draft finding. *Hyatt* v. *Zoning Board of Appeals,* 163 Conn. 379, 381, 311 A.2d 77; *Branford Sewer Authority* v. *Williams,* 159 Conn. 421, 425, 270 A.2d 546; *State* v. *Vennard,* 159 Conn. 385, 391, 270 A.2d 837. Other assignments of error have not been briefed and are considered to be abandoned on appeal. *Hutensky* v. *Avon,* 163 Conn. 433, 434, 311 A.2d 92.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment as on file except as corrected to accord with Part III of this opinion.

In this opinion the other judges concurred.