[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant filed a motion to dismiss on the basis that the court lacked subject matter jurisdiction due to a defective notice to quit that alleged that the defendant "originally had the right to occupy other than under a rental agreement or lease but such right or privilege has terminated." The allegations of the complaint state that the defendant had occupied the premises under a lease dated April 2, 1992. Therefore the defendant claims the notice to quit is defective on its face based on its conflict with the allegations of the complaint.
FACTS
This is a commercial summary process action arising out of the occupancy by the defendant of the premises known as Suite 310, 4920 Main Street, Bridgeport, Connecticut. This is the third lawsuit filed by the plaintiff seeking an eviction. This is the third written decision by this court in the various matters between the parties. On April 2, 1992 the parties entered into a written lease for the premises in question. The lease terminated in accordance with its terms on May 31, 1995. Prior notices to quit were served and lawsuits involving those notices to quit were either withdrawn or dismissed by the court. The plaintiffs did not reinstate the tenancy. Cohen v. Thorpe,1991 Ct. Sup. 1210, 1214, SNBR-345, February 21, 1991 (Melville, J.). "To avoid this pitfall, a landlord would be well advised to carefully consider the possible adverse consequences before issuing successive notices to quit based on the same forfeiture." Cohen v. Thorpe, supra 1217.
On June 28, 1995 the instant notice to quit was served on the defendant claiming two reasons; 1) "lapse of time" pursuant to Connecticut General Statutes § 47a-23(a)(1)(A), and 2) "you originally had the right or privilege to occupy such premises other than under a rental agreement or lease, but such right or privilege has terminated" pursuant to Connecticut GeneralStatutes § 47a-23(a)(3). A copy of the lease was attached to the writ, summons and complaint. The operative complaint for the purposes of this motion to dismiss is dated August 16, 1995. Paragraph 1 of the amended complaint alleges "On or about April 2, 1992 the plaintiff, as lessor, and the defendant, as lessee, entered into a written lease for the term of three years for use CT Page 11193 and occupancy of the following premises; 4920 Main, Suite 310, Bridgeport, Connecticut." Paragraph a of the August 16, 1995 amended complaint alleges as follows. "The lease has terminated in that the defendant originally had the right to occupy such premises other than under a rental agreement or lease, but such right or privilege has terminated." The motion to dismiss was filed. This court has considered the memoranda of law and oral arguments of both counsel.
DISCUSSION OF THE LAW
A defective notice to quit deprives the court of subject matter jurisdiction. Lampasona v. Jacobs, 209 Conn. 724, 730
(1989). Although the exact language contained in notice to quit statute does not have to be used, the language "substantially in the following form" or "using the statutory language or words of similar import" is the operative method of preparing the notice to quit. Connecticut General Statutes § 47a-23(b). The plaintiff is proceeding on the basis of the following statutory language in the notice to quit, "when one originally had the right or privilege to occupy such premises other than under a rental agreement or lease but such right or privilege has terminated." Connecticut General Statutes § 47a-23(a)(3) The plaintiff has used the exact statutory language in the notice to quit.
The breach by a tenant of the terms and conditions of the lease does not automatically terminate the lease. That breach furnishes the landlord with the option of exercising the landlord's right to terminate the lease by an unequivocal act. The service of a notice to quit is such an unequivocal act.Welk v. Bidwell, 136 Conn. 603, 609 (1950), Bowman v. Foot,29 Conn. 331, 339 (1860). Terminating the tenancy creates a tenancy at sufferance. Lonergan v. Connecticut Food Store,Inc., 168 Conn. 122, 130 (1975). The first notice to quit converted the tenancy at will to a tenancy at sufferance. A tenant at sufferance has no obligation to pay rent. Rivera v.Santiago, 4 Conn. App. 608, 610 (1985), Borst v. Ruff, 137 Conn. 359,361 (1950). Since the tenant at sufferance has no obligation to pay rent and only can pay fair value in the form of use and occupancy a notice to quit alleging non payment of rent is not a valid notice to quit. There is no basis in law for a notice to quit to be issued for non payment of use and occupancy. Bushnell Plaza Development Corporation v. Fazzano,38 Conn. Sup. 683, 685 (1983); Rosa v. Cristina, 135 Conn. 364, CT Page 11194 367 (1949). Likewise "lapse of time" cannot support an eviction of a tenant at sufferance since there is no underlying rental agreement. Bermudez v. Rodriguez, H-798, December 17, 1986 (Goldstein, J.).
CONCLUSION
The defendant argues that the court is deprived of subject matter jurisdiction because the complaint and the lease itself attached to the complaint indicate that there was a preexisting rental agreement and lease between the parties dated April 2, 1992. The defendant further argues that therefore the reason set forth in the notice to quit, Connecticut General Statutes§ 47a-23(a)(3), cannot be established because the phrase "other than under a rental agreement or lease" under the allegations of the complaint prevents an eviction. The notice to quit is therefore defective and court no longer has subject matter jurisdiction. Jo-Mark Sand and Gravel Co. v. Pantenella,139 Conn. 598, 600-601 (1953).
The plaintiff argues that the service of the prior notice to quit terminated the lease and created a tenancy at sufferance. Lonergan v. Connecticut Food Stores, Inc., supra 130. The plaintiff further argues that this court made findings that the lease terminated by its own terms either on April 12, 1994 or on June 3, 1994 by the service of a notice to quit.Invest II v. The Southern Connecticut Mental Health, 1995 Ct. Case Base 1373, SNBR-9407-27340, SNBR 405, January 13, 1995, (Tierney, J.). The plaintiff further argues that the immediate prior relationship between the parties was "other than under a rental agreement or lease" therefore the notice to quit is not defective.
This court has already noted that the 1989 amendment to the statutes creating Connecticut General Statutes § 47a-23(a)(3) by adding the phrase "other than under a rental agreement or lease" "may have inadvertently created a group of occupants who could never be evicted using notices to quit that would comply withConnecticut General Statutes § 47a-23." Iacono v. Wilson, SNBR 408. January 27, 1995 (Tierney, J.) 1995 Ct. Case Base 1342, 13 Conn. L. Rptr. No. 14, (April 3, 1995) 1 Conn. Ops. 267 (March 6, 1995): Segal v. Williams, H-1047, April 7, 1995 (DePentima, J.) P.A. 89-254. The court has found no other reported cases involving the 1989 addition of the language "other than a rental agreement or lease." The court is of the opinion that the group CT Page 11195 of unevictable tenants may very well exist under the circumstances of this particular case. It appears that the defendant Southern Connecticut Mental Health and Substance Abuse Treatment Center is a member of that group.
This court interprets the phrase "other than under a rental agreement or lease" in Connecticut General Statutes §47a-23(a)(3) as meaning that the tenant had never occupied the premises in question under a rental agreement or lease whether with the current landlord or any other prior landlord. Furthermore the tenant could not have occupied the premises at any time under any form of rental agreement or lease. Since the allegations of the complaint indicate that there was a prior relationship between the parties subject to a written lease dated April 2, 1992, the plaintiff has failed to allege a proper statutory reason.
The court notes that the Connecticut General Assembly inPublic Act 95-247, Section 1 made an effort to solve the unevictable group of occupants problem created by the 1989 additional language of Connecticut General Statutes §47a-23(a)(3). "Other than under a rental agreement or lease" has been eliminated effective October 1, 1995. Connecticut GeneralStatutes § 47a-23(a)(3) will then read "when one originally had the right or privilege to occupy such premises but such right or privilege has terminated." It appears under those circumstances that a tenant at sufferance occupying after the preexisting rental agreement or lease had been terminated, would be subject to an eviction based on Connecticut General Statutes §47a-23(a)(3). The court would then have subject matter jurisdiction.
The Motion to Dismiss is granted.
KEVIN TIERNEY, JUDGE