[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
MOTION TO DISMISS
In this commercial summary process action the defendant has filed a motion to dismiss claiming that the two reasons that the plaintiff, Commissioner of Transportation has used in the notice to quit are insufficient under the facts and circumstances of this case. The defendant claims that it is a tenant at sufferance and that the notice to quit is defective in that it alleges non payment of rent for commercial premises and lapse of time. The defendant argues that neither of these reasons are sufficient in a notice to quit concerning the eviction of a tenant at sufferance. The defendant claims that the court lacks subject matter jurisdiction because of a defective notice to quit.
PROCEDURAL FACTS OF THE CASE
The plaintiff is the owner of a parking area under Interstate 95, in Stratford, Connecticut. The defendant is currently in occupancy of the premises. The plaintiff's memorandum of law and opposition to the defendant's motion to dismiss for lack of subject matter jurisdiction dated September 27, 1995 states as follows; "Thereafter, the defendant remained in possession of the leasehold premises, as a tenant at sufferance, while the parties attempted to negotiate their differences." Both parties therefore have agreed that the defendant is occupying the premises as a tenant at sufferance. CT Page 13337
On August 2, 1995 the defendant was served with a notice to quit requiring the defendant to vacate the premises before August 15, 1995. The two reasons set forth in the notice to quit were: 1) "Non-payment of rent for commercial property" and, 2) "By lapse of time." The defendant failed to vacate the premises and this instant lawsuit was filed. The defendant filed a motion to dismiss dated September 19, 1995 based upon the fact that since the defendant occupied the premises as a tenant at sufferance neither lapse of time nor non payment of rent is a proper reason for a notice to quit.
Memoranda of law were filed by the parties. Oral argument took place on October 2, 1995 and on that date this court granted the motion to dismiss from the bench without a written decision. The court reasoned that a tenancy at sufferance does not involve a meeting of minds. The only payments that are to be paid are use and occupancy. Since no rent was agreed there cannot be non-payment of rent. Moreover since a tenancy at sufferance has no beginning and no ending there can be no lapse of time. The court granted the motion to dismiss on those grounds.
On October 3, 1995 the plaintiff filed a motion for reargument pursuant to Practice Book § 204B. Both parties filed additional memoranda of law concerning the motion for reargument and provided further authority in regard to the motion to dismiss.
At oral argument on October 20, 1995 the court granted the motion to reargue and heard reargument on the motion to dismiss. The court has read the memoranda of law filed by both parties in support of the original motion to dismiss and the supplemental briefs filed by the parties as well as the additional authority filed by the plaintiff in accordance with its motion to reargue the motion to dismiss.
DECISION ON
 MOTION TO DISMISS
After considering the arguments and memorandum filed by the plaintiff the court has reconsidered its decision on the motion to dismiss. The court is of the opinion that the notice to quit is defective. A defective notice to quit deprives the court of CT Page 13338 subject matter jurisdiction. Lampasona v. Jacobs, 209 Conn. 724,730 (1989). The parties conceded that the status of their relationship was a tenancy at sufferance.
A tenant at sufferance is not required to pay rent but only use and occupancy. Lonergan v. Connecticut Food Store, Inc.,168 Conn. 122, 131 (1975). There must be a meeting of the minds concerning the amount of money to be paid for the payment to be "rent." Where there has been no meeting of the minds there is no contract. When a landlord insists on one rate of rental and the tenant insists on another, there is no meeting of the minds.Welk v. Bidwell, 136 Conn. 603, 607, 609 (1950). The statute in question specifically indicates "non payment of rent when due for commercial property." Connecticut General Statutes §47a-23(a)(E) There is no statutory right of eviction for non payment of use and occupancy.
There is no beginning and no end to a tenancy at sufferance. Lapse of time is not a sufficient reason to terminate a tenancy at sufferance. A lapse of time eviction requires an actual contract or lease. A tenancy at sufferance does not involve a contract or lease. Lapse of time is not a valid reason to terminate a tenancy at sufferance. Bermudez v.Rodriguez, H-798, December 17, 1986 (Goldstein, J.). Duprey v.Bourque, H-514, February 8, 1984 (Aronson, J.).
DISCUSSION OF PLAINTIFF'S ARGUMENT
On page 2 of the plaintiff's memorandum of law dated September 27, 1995 in opposition to the motion to dismiss the plaintiff stated: "Thereafter, the defendant remained in possession of the leasehold premises, is a tenant at sufferance, while the parties attempted to negotiate their differences". Such a statement in the memorandum of law is an admission:Kanopka v. Kanopka, 113 Conn. 30, 38-39 (1931). The parties have essentially stipulated that the status of the occupancy of the defendant is as a tenant at sufferance during the period when the notice to quit was served.
The plaintiff presents a number of arguments in opposition to the motion to dismiss. The plaintiff first argues that the defendant's position is that the motion to dismiss must be granted because summary process does not apply to the termination of a tenancy at sufferance. The basis of the plaintiff's argument is a quote from the defendant's brief; CT Page 13339 "summary process is only available where there is a lease and it has been terminated. Feneck v. Nowakowski, 146 Conn. 434, 436." The Feneck is a 1959 case. The head notes of that case state "Summary process is available only when there is a lease and it has been terminated." Citing a case for the proposition contained in head notes without reading the case itself is folly. The facts of Feneck clearly indicate that there was a annual rental agreed in advance for a five year lease for a store. The tenant vacated within that five year period and a lawsuit for unpaid rent commenced. Feneck was not a summary process case. Feneck therefore cannot stand for the proposition that "summary process is only available where there is a lease and it has been terminated."
Summary process does apply by statute to non leasehold occupants: "When such premises, or any part thereof, is occupied by one who never had a right or privilege to occupy such premises," Connecticut General Statutes § 47a-23 (a)(2),
and "When one originally had the right or privilege to occupy such premises other than under a rental agreement or lease but such right or privilege has terminated," Connecticut GeneralStatutes § 47a-23 (a)(3). Connecticut General Statutes § 47a-23(a)
indicates that when the "owner or lessor, or his legal representative" desires to obtain possession of the property they "shall give notice to each lessee or occupant to quit possession or occupancy of such land, building, apartment or dwelling unit." Summary process is not limited to a formal lessor-lessee relationship. Southington v. Francis, 159 Conn. 64,71 (1970).
The plaintiff futher [further] argues that the service of a notice to quit automatically converts the tenancy that existed before into a tenancy at sufferance. Welk v. Bidwell, supra 608. HousingAuthority v. Hird, 13 Conn. App. 150, 155 (1988), cert. denied209 Conn. 825 (1988). The plaintiff then further delineates the defendant's argument that once a notice to quit is served every tenancy is then converted into a tenancy at sufferance. Every summary process action requires that the service of the notice to quit preceed the institution of the summary process action. Thus, every tenant named as a defendant in a Connecticut summary process action is a tenant at sufferance. The plaintiff concludes that if this argument offered by the defendant is accepted, no landlord could ever mount a summary process action. Moreover the court would have to find that the summary process statute is still limited in scope to leasehold tenancies. The CT Page 13340 plaintiff mischaracterizes the defendant's argument. This court holds that a tenancy at sufferance can be the subject of a summary process action. A notice to quit converts a tenancy at will or a leasehold tenancy to a tenancy at sufferance. Webb v.Ambler, 125 Conn. 543, 550 (1939). The statute still requires a notice to quit to be served on all tenants and/or occupants including those who hold occupancy as a tenant at sufferance.Connecticut General Statutes § 47a-23(a)
The plaintiff further argues that although a tenant at sufferance does not have an obligation to pay rent they must pay reasonable use and occupancy. The termination of a lease does not excuse the tenant, who chooses to remain in possession, from paying any money whatsoever. Lonergan v. Connecticut FoodStore, Inc., supra 130 and other cases indicate that there is no obligation to pay "rent" because there was no meeting of the minds. Welk v. Bidwell, supra 150. Though the modern trend is to more loosely interpret the language of the notice to quit statute, that statute still must be complied with. Jo-Mark Sandand Gravel Co. v. Pantanella 139 Conn. 139, 143 (1979). If the legislature intended to create an eviction for non payment of use and occupancy, it could easily had done so. The legislature is deemed to have known the law prior to its passing a statute. The summary process notice to quit statute is amended annually. The legislature was well aware of Jo Mark Sand and Gravel Co. v.Pantanella, Lonergan v. Connecticut Food Store, Inc., Welk v.Bidwell and other similar cases.
There can be no eviction on the grounds of non payment of use and occupancy in the State of Connecticut. Mallozzi v. Ward
SNBR-277, December 23, 1986 (West, J.).
 Further, under Connecticut law, the phrase `non payment of rent' differs substantively from the phrase `sums due for use and occupancy'. As indicated above, rent is a sum certain reserved by agreement between the landlord and tenant. It is payable without demand or notice pursuant to § 47a-3a of the general statutes, and, unless otherwise agreed, is payable at the dwelling unit at the beginning of each month during the term. `Use and occupancy', by definition, is an amount equal to prior rental value and payable during the pendency of a summary process action. It is the amount to which the landlord is entitled after the rental agreement has been terminated but while a CT Page 13341 tenancy at sufferance exists. Rivera v. Santiago, 4 Conn. App. 608, 611 (1985). Malozzi v. Ward, supra p. 3-4.
The reason for the eviction must be set forth in the statute. If it is not in the statute, it is not a valid reason upon which to bring a summary process case. Rosa v. Cristina,135 Conn. 364, 367 (1949); Bongiovanni v. Reardon, H-313, March 8, 1982 (Maloney, J.); Steiner v. Lugo, H-327, May 24, 1982, (Maloney, J.).
The plaintiff further claims that the defendant is equitably estopped from challenging the plaintiff's title to the leasehold premises in that it continued to occupy and remain in possession following the institution of a summary process action. For support of this theory the plaintiff's cites Lorentv. Wilson, H-919, March 29, 1990 1 Conn. L. Rptr. 431 (Satter, J.).Wilson involved a written lease. Upon the expiration of the one year lease, the defendant continued to occupy the premises but ceased paying rent. When the summary process action was started the plaintiff quit claimed the property to another person who held the title to the property and then reconveyed the property back in time for the motion to dismiss to be argued. This case does not support the plaintiff's argument on equitable estoppel.
The plaintiff further argues that lapse of time is a proper reason for the commencement of a summary process case against a tenant at sufferance. This court is persuaded that Judge Goldstein's decision in Bermudez v. Rodriguez, H-798, (December 17, 1986) reflects the current status of the law that there can be no "lapse of time" without the existence of a lease. "Therefore, at the time of the delivery of the notice to quit for lapse of time, there must be a rental agreement in effect to be terminated." Yale University v. Valinho, H-1033, October 12, 1994 12 Conn. L. Rptr. 668, Conn. supra Lexis 2810, (DiPentima, J.).
The plaintiff further argues that the intent of the general assembly in enacting P.A. 79-571 established a cause of action for summary process for non payment of use and occupancy. No legislative history was offered to the court. In further support of this argument the plaintiff cites Goldberg v.Rodriguez, 40 Conn. Sup. 4, 5-6 (1982). Judge Maloney in theGoldberg v. Rodriguez case was met with a conflict between the week to week tenancy and the nine day grace period required under § 47a-15a of the Connecticut General Statutes. That statute has since changed and now provides a four day grace CT Page 13342 period in week to week tenancies. In 1982 there was a conflict since the new week would have commenced prior to the expiration of the nine-day grace period and the service of a notice to quit under the law at that time had to have been served during week of non payment. Therefore it would have been impossible under§ 47a-15a for a week to week tenancy to be terminated. Goldbergv. Rogriguez was an abberation and was corrected by the legislature approving a four day grace period under the statute.P.A. 89-254 The case does not support the plaintiff's argument. The statute on its face does not permit an eviction for non payment of use and occupancy.
The plaintiff also claims that certain language in HousingAuthority v. Hird, supports its claim that there is an eviction action in Connecticut for non payment of use and occupancy.Hird involved a notice to quit alleging non payment in January of 1986. Before commencing this action and serving the notice to quit for non payment in January 1986, a summary process action based upon a claim of a lease violation had been concluded in the defendant's favor. A second summary process action based upon non payment had been withdrawn in response to the defendant's motion to dismiss for failure to comply with the applicable federal regulations. This third action was commenced for the non payment of January. The issue in Hird case was whether or not a judgment in favor of the defendant reinstated the tenancy. Hird held that the tenancy was reinstated. Also decided was whether or not the withdrawal of a summary process action prior to argument on a motion to dismiss reinstated the tenancy. The Appellate Court indicated that the tenancy was reinstated and thus "rent" was due. The court held;
 The trial court found that the defendant was occupying her apartment under her lease as a tenant at will on January 1, 1986, because the judgment rendered on November 6, 1985, in the defendant's favor did not terminate the lease, and, had therefore, had `revived' the original lease arrangement, and because the eviction action followed the November 15, 1985 notice to quit possession having been withdrawn, had no legal effect or consequence on the preexisting lease between the parties. We agree with the trial court's holding." Housing Authority v. Hird, supra 155.
 Service of a notice to quit possession is typically a landlord's unequivocal act notifying the tenant of CT Page 13343 the termination of the lease. The lease is neither voided nor rescinded until the landlord performs this act and, upon service of a notice to quit possession, a tenancy at will is converted to a tenancy at sufferance. Mayron's Bake Shops, Inc. v. Arrow Stores, Inc., 149 Conn. 149, 156 (1961), Chapel-High Corporation v. Cavallaro, 141 Conn. 407, 411 (1954), Bushnell Plaza Development Corporation v. Fazzano, 38 Conn. Sup. 683, 686 (1983). Housing Authority v. Hird,
supra 155.
This paragraph is a correct statement of the current law.
 The statutory obligations of the landlord and tenant continue even where there is no longer a rental agreement between them. Termination of the lease does not terminate the tenancy since, upon service of a notice to quit possession, a tenancy at sufferance is created. Rivera v. Santiago, 4 Conn. App. 608, 610
(1985), Bushnell Plaza Development Corporation v. Fazzano, supra. Even though a tenant at sufferance is excused from a duty to pay the stipulated rent under the lease, the obligation to pay a fair rental value for the use and occupancy of the dwelling unit remains. Lonergan v. Connecticut Food Store, Inc., 168 Conn. 122, 131 (1975), Rivera v. Santiago supra. Therefore, even if the defendant believed that the lease had ended and that she was relieved from a duty to pay a stipulated rent, her obligation to pay for her use and occupancy of the premises continued. Her failure to pay rent or a fair rental value for use and occupancy for the month of January 1986; General Statutes § 47a-3c; authorized the plaintiff to issue a notice to quit possession under the provisions of General Statutes § 47a-23 (a) preliminary to an action for summary process".
Housing Authority v. Hird, supra 157-158.
It is this last paragraph and specifically the last sentence of the Hird decision that the plaintiff is relying in arguing that there is an eviction action for non payment of use and occupancy. This quote is dicta. The court's decision was that the prior judgment in favor of the defendant reinstated the tenancy and that the second law suit was withdrawn by plaintiff CT Page 13344 under its absolute right. Connecticut General Statutes § 52-80
grants parties the right to withdraw and that right is absolute and unconditional. The effect of the withdrawal as far as the pendency of the action is concerned is "strictly analogous to that presented after the rendition of a final judgment or the erasure of a case from the docket." Lusas v. St. Patrick's RomanCatholic Church Corporation, 123 Conn. 166, 170 (1937). It was not necessary under the facts and circumstances of HousingAuthority v. Hird, to render any decision concerning whether or not non payment of use and occupancy was sufficient for eviction. Dicta of an Appellate Court decision cannot change the clear wording of the notice to quit statute. There is no right to evict for non payment of use and occupancy.Connecticut General Statutes § 47a-23 (a)(1)(D) and (E)
The plaintiff has argued that this court's decision in finding that there is no action for non payment of use and occupancy in the State of Connecticut, is a disavowal ofHird and the acceptance of Justice Borden's dissent inBridgeport v. Barbour-Daniel Electronics, Inc., 16 Conn. App. 574,598 (1988). A trial court has no right to overrule the findings and decisions of the Appellate Court and adopt a dissent from another Appellate Court case. White v. Burns,213 Conn. 307, 335 (1990) This court has determined that the quotation from Hird was dicta. A trial court is not obligated to follow dicta nor is it bound by the dissent of Justice Borden in Bridgeport v. Barbour-Daniel Electronics, Inc.. This court does agree that the current status of the law in the State of Connecticut is that there is no eviction for non payment of use and occupancy.
The final argument made by the plaintiff concerns the case of O'Brien Properties, Inc. v. Rodriguez 215 Conn. 367 (1990). The issue in O'Brien Properties was whether a tenant at sufferance is entitled to the "good cause protection" from an eviction in a summary process action under Connecticut GeneralStatutes § 47a-23c The Supreme Court rejected the trial court's conclusion that a tenant at sufferance does not pay rent and therefore the payment of use and occupancy does not give the defendant recourse to the protection of the summary process statute. The Supreme Court held that a tenant of sufferance is a "tenant" under Connecticut General Statutes § 47a-23c and is entitled to "good cause protection for eviction".
The plaintiff further points to the Bridgeport Law Review CT Page 13345 issue of the Spring of 1992. An extensive comment was written concerning O'Brien Properties, Inc. v. Rodriguez. The comment's avowed purpose is "to attempt to discern the practicable impact of the decision and whether a broader reading of the holding could expand the rights of tenants at sufferance beyond those rights they previously had". The Law Review article indicates that there are two basic ways that a tenancy at sufferance is created; 1) Where the parties had a lease and continued to occupy the premises after refusing to agree to a rent increase proposed by the landlord. Welk v. Bidwell, 136 Conn. 605, 608
(1950); 2) And where a tenant became a tenant at sufferance by refusing to vacate the premises after service of a notice to quit. Rivera v. Santiago, 4 Conn. App. 605, 610 (1985)
The law review article at page 828 states "the tenant at sufferance has no duty to pay rent". Welk v. Bidwell, supra 809. "The tenant at sufferance is not liable for any stipulated rent." The law review article further at page 837 goes on to say "at least one Connecticut Appellate Court has indicated a willingness to reject the use of the summary process proceeding for failure to pay use and occupancy. See Bridgeport v.Barbour-Daniel Electronics, Inc., 16 Conn. App. 574. Non payment of use and occupancy not proper ground for eviction and cannot sustain summary process eviction." Furthermore at page 839 of the Bridgeport Law Review at footnote 98 the author notedBarbour-Daniel clearly expressed its unwillingness to extend summary process action for failure to pay use and occupancy. "Since the majority in O'Brien Properties did not specifically address this question, other courts may follow the Barbour
concept that the court does not obtain jurisdiction in summary process action for non payment of use and occupancy." "If the court has implicitly overruled that notion, cases may be decided incorrectly on the basis of Barbour since the O'Brien Properties
court did not articulate that holding." O'Brien Properties,215 Conn. at 367. This court is not persuaded by O'Brien Propertiesv. Rodriguez which is limited to good cause evictions and whether a tenant at sufferance is subject to the defenses of a good cause eviction. The facts and holding of the O'Brien did not overrule explicit and clear language in the notice to quit statute that non payment of rent only and not of use and occupancy is a valid grounds for eviction. Moreover the language of the Bridgeport Law Review clearly indicates that the Appellate Court's direction is clear and that if the legislature intended to create an action for non payment of use and occupancy it was free to do so. Having not done so neither CT Page 13346O'Brien Properties v. Rogriguez, Housing Authority v. Hird,Goldberg v. Rogriguez and any other cases cited by the plaintiff persuade this court to change its mind.
The Law Review reaches a conclusion; "as previously discussed, the common law and statutory definition of landlord-tenant relations do not always compliment each other very well. It is important for a court applying the two concepts to be very clear in both its analysis of what constitutes the element of particular common law tenancy like tenancy at sufferance, and its analysis of what subsequent codification acknowledge its existence and adhere to it."
In this particular case the parties have clearly indicated that their relationship was as a tenancy at sufferance. A tenant at sufferance is not obligated to pay rent and only is obligated to pay use and occupancy. Lonergan v. ConnecticutFood Store, Inc., supra 131. A tenancy at sufferance has no beginning and no end. There can be no meeting of the minds on the amount of use and occupancy otherwise it would become "rent." Welk v. Bidwell, supra 155. The court, is not inclined to follow the lead of the author of the Bridgeport Law Review, Volume 12, No. 3 Spring 1992. The court is inclined to follow the direction given to it by the Connecticut General Assembly in not setting forth non payment of use and occupancy as a grounds for a notice to quit. It is inclined to follow the direction of Justice Borden in Bridgeport v. Barbour-Daniels Electronics.Inc.
The Motion to Dismiss is Granted.
BY THE COURT,
KEVIN TIERNEY, JUDGE