[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about November 26, 1997, the plaintiff lessor entered into a month-to-month tenancy with the defendants; see General Statutes § 47a-3; who thereupon entered into possession of the dwelling unit. On December 1, 1997, less than a week later, the plaintiff caused a notice to quit possession, based on nonpayment of rent, to be served on the defendants. The notice, of course, was defective. See General Statutes § 47a-15a. On the advice of his attorney, the plaintiff caused a second notice to CT Page 746 quit, based on nonpayment of rent to be served on the defendants on December 12, 1997.
However, the December 1, 1997 notice to quit terminated the parties' month-to-month tenancy; Rivera v. Santiago,4 Conn. App. 608, 610 (1985); and, consequently, also terminated the defendants' obligation to pay rent. "The issuance by a landlord of a notice to quit is an unequivocal act terminating the lease agreement with the tenant. Termination of the lease does not terminate the tenancy since, upon service of a notice to quit, a tenancy at sufferance is created. Bushnell Plaza DevelopmentCorporation v. Fazzano, 38 Conn. Sup. 683, 460 A.2d 1311 (1983). In the present action, the [defendants] became . . . tenant[s] at sufferance on [December 1, 1997] when [they were] served with a notice to quit." Id. "After a notice to quit has been served [however] a tenant at sufferance no longer has a duty to pay rent. He still, however, is obliged to pay a fair rental value in the form of use and occupancy for the dwelling unit. Lonerganv. Connecticut Food Store, Inc., 168 Conn. 122, 131,357 A.2d 910 (1975)." Id.; see O'Brien Properties, Inc. v. Rodriquez,215 Conn. 367, 372, 576 A.2d 469 (1990). But "the nonpayment of use and occupancy is not a proper ground for eviction and, therefore, cannot sustain a summary process action." Bridgeportv. Barbour-Daniel Electronics, Inc., 16 Conn. App. 574, 581 n. 7,548 A.2d 744 (1988); Commissioner of Transportation v. The Dock,
Superior Court, Judicial District of Fairfield Housing Session at Bridgeport, No. SBPR 9508-30319 (Nov. 20, 1995).
To the extent that the plaintiff is seeking to evict the defendants for nonpayment of a security deposit, he still may not prevail. There is no such ground recognized in the statute for a summary process action, nor is that the ground stated in the notice to quit. See General Statutes § 47a-23
Judgment must enter for the defendants.
BY THE COURT
Bruce L. LevinJudge of the Superior Court