[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE AND DISMISSAND PLAINTIFF'S OBJECTION TO MOTION TO STRIKE AND DISMISS
The pro se defendant has moved to dismiss the Complaint claiming lack of jurisdiction on the grounds that the Notice to Quit was invalid to terminate the tenancy, and also moved to strike the Notice to Quit, and counts one and three of the Complaint claiming failure to state a claim upon which relief can be granted.
The defendant contends that the lease at issue in this case is automatically renewable at the tenant's option and cannot be terminated except by the defendant. Because the defendant has not taken any action to terminate the lease, he contends that the lease remains in effect and the court lacks jurisdiction to hear this summary process action. The defendant further argues that the Notice to Quit is ineffective to terminate a lease which is automatically renewable and, therefore, moves to strike the Notice to Quit and counts one and three which are respectively based on "lapse of time" of a written lease and an oral lease.
The defendant's argument is fatally flawed because the language of the lease does not support a finding that it is a perpetual lease that can only be terminated by the tenant. Courts do not favor perpetual leases and a CT Page 2276 provision in a lease will not be construed as conferring a right to perpetual renewal "unless the language is so plain as to admit of no doubt of the purpose to provide for perpetual renewal". (Internal quotation marks omitted.) Lonergan v. Connecticut Food Store, Inc., 168 Conn. 122, 125
(1975). Words of perpetuity such as "forever", "for all time" or in perpetuity" are words customarily used to create such a lease. Lonergan, at 126.
In this case, the lease lacks the specific language required to establish a right in the tenant to a perpetual renewal of the lease. Furthermore, the plaintiff has specifically alleged that the lease terminated on December 31, 1997, and had expired by lapse of time. The plaintiff had the right to terminate the lease for lapse of time at the end of the current lease term.
Accordingly, the court has jurisdiction to hear this matter and plaintiff has alleged sufficient facts to state a claim upon which relief can be granted. Specifically, the lease in question, with proper notice, was subject to termination based upon a lapse of time, and service of the Notice to Quit possession was sufficient to effect termination of the lease.Bridgeport v. Barbour-Daniel Electronics, Inc., 16 Conn. App. 574, 592
(1988).
For all of the above reasons, the Notice to Quit, based upon a lapse of time, was sufficient to terminate the defendant's lease, and defendant's Motion to Dismiss the entire Complaint for lack of jurisdiction is denied. Defendant's Motion to Strike is also denied because the Notice to Quit and the first and third counts are legally sufficient to state a claim upon which relief can be granted.
Rogers, J.