ROSE CIAVAGLIA ET AL. *v.* FRED T. BOLLES ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 1219

Argued March 23—decided December 31, 1982

*Edward E. Moukawsher,* for the appellants (plaintiffs).

*Michael D. Shapiro,* for the appellees (defendants).

COVELLO, J. This is an appeal from an order of distribution concerning funds paid into court during the pendency of a summary process action. Following the entry of judgment for possession, the court conducted a hearing pursuant to General Statutes § 47a-26f[1] to determine the parties' respective interests in an $1800 fund paid into court by the defendants during the pendency of the action.

The premises consisted of a single family dwelling and a lot. The plaintiffs claimed the entire $1800 fund which, as earlier determined by the court, represented the fair rental value of the property for nine months at $200 per month. The defendants claimed reimbursement of $239.67 for four bills incurred while the action was pending.

The first bill was for $143 and represented lawn and yard care from June 24, 1981, to September 15, 1981. The second was a plumbing bill of $38.35 for unplugging a drain line. The third was a plumbing bill of $32.17 for the replacement of leaking kitchen faucets. The fourth bill was for $26.15 and represented the cost to replace a window and a light fixture broken by vandals. All of the charges were incurred after the date the court had first ordered the sums paid into court. After a hearing, the court ordered $1560.33 distributed to the plaintiffs and $239.67 to the defendants.

The plaintiffs claim on appeal that since the house and yard were in the exclusive possession and control

---

[1] General Statutes § 47a-26f provides: "After entry of final judgment, the court shall hold a hearing to determine the amount due each party from the accrued payments for such use and occupancy and order distribution in accordance with its determination. Such determination shall be based upon the respective claims of the parties arising during the pendency of the proceedings after the date of the order for payments and shall be conclusive of such claims only to the extent of the total amount distributed."

of the tenants, the landlords had no duty to repair or to maintain the premises. Therefore, the defendants as tenants have no right to the reimbursement of bills that were clearly incurred for ordinary maintenance and repairs. We do not concur.

"In the absence of a statute or covenant to the contrary, the lessor does not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the lessee." *Thomas v. Roper*, 162 Conn. 343, 348, 294 A.2d 321 (1972). This common law principle is significantly modified by General Statutes § 47a-7[2] which, among other things,

---

[2] General Statutes § 47a-7 provides: "LANDLORD'S RESPONSIBILITIES. (a) A landlord shall: (1) Comply with the requirements of chapter 352 and all applicable building and housing codes materially affecting health and safety of both the state or any political subdivision thereof; (2) make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition, except where the premises are intentionally rendered unfit or uninhabitable by the tenant, a member of his family or other person on the premises with his consent, in which case such duty shall be the responsibility of the tenant; (3) keep all common areas of the premises in a clean and safe condition; (4) maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating and other facilities and appliances and elevators, supplied or required to be supplied by him; (5) provide and maintain appropriate receptacles for the removal of ashes, garbage, rubbish and other waste incidental to the occupancy of the dwelling unit and arrange for their removal; and (6) supply *running water and reasonable amounts of hot water at all times and reasonable heat except if the building which includes the dwelling unit is not required by law to be equipped for that purpose or if the dwelling unit is so constructed that heat or hot water is generated by an installation within the exclusive control of the tenant or supplied by a direct public utility connection.

"(b) If any provision of any municipal ordinance, building code or fire code requires a greater duty of the landlord than is imposed under subsection (a) of this section, then such provision of such ordinance or code shall take precedence over the provision requiring such lesser duty in said subsection.

"(c) The landlord and tenant of a single family residence may agree in writing that the tenant perform the landlord's duties specified in subdivisions (5) and (6) of subsection (a) and also specified repairs, maintenance tasks, alterations, or remodeling, provided the transaction is entered into *in good faith and not for the purpose of evading the obligations of the landlord.

requires the landlord to "make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition . . . [and to] maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating and other facilities and appliances . . . supplied by him . . . ."

The plumbing bills for $38.35 and $32.17 represent obligations specifically imposed upon the lessors by the provisions of § 47a-7 (a). The same is true of the $26.15 spent to replace the window and light fixture. Insofar as the defendant lessees discharged those obligations, they were entitled to reimbursement for them from the use and occupancy funds.

There is, however, no provision in § 47a-7 (a) which requires a landlord to provide lawn and yard care. Such expense is not necessary to keep premises "fit and habitable." Since these premises were admittedly in the exclusive possession and control of the lessees and since there is no statutory provision or contractual obligation to the contrary, application of the common law principle relieves the lessors of the duty to provide that service. There is therefore no legal basis under which the defendants could claim reimbursement for the $143 spent on lawn and yard care.

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment distributing the accrued use and occupancy payments of $1800 in the amount of $1703.33 to the plaintiffs and $96.67 to the defendants.

In this opinion DALY and BIELUCH, Js., concurred.

---

"(d) The landlord and tenant of a dwelling unit other than a single family residence may agree that the tenant is to perform specified repairs, maintenance tasks, alterations or remodeling if (1) the agreement of the parties is entered into in good faith; (2) the agreement is in writing; (3) the work is not necessary to cure noncompliance with subdivisions (1) and (2) of subsection (a) of this section; and (4) the agreement does not diminish or affect the obligation of the landlord to other tenants in the premises."