## ADELA RIVERA *v.* VENANCIO SANTIAGO
### (3070)

DUPONT, C.P.J., HULL and STODOLINK, Js.

Argued April 19—decision released July 30, 1985

*Sheryl J. Sha'afi,* for the appellant (plaintiff).

STODOLINK, J. The plaintiff brought an action pursuant to General Statutes § 42a-14h,[1] which provides judicial relief for tenants who claim that their landlords

---

[1] General Statutes § 47a-14h provides in pertinent part: "(a) Any tenant residing at property located in the judicial district of Hartford-New Britain, who claims that his landlord has failed to perform his legal duties, as required by section 47a-7, may, between January 1, 1984, and June 30, 1985, inclusive, institute an action in the superior court for such judicial district to obtain the relief authorized by this section and sections 47a-20 and 47a-68.

"(b) The action shall be instituted by filing a complaint, under oath, with the clerk of the court. The complaint shall allege (1) the name of the tenant; (2) the name of the landlord; (3) the address of the premises; (4) the nature of the alleged violation of section 47a-7; and (5) the dates when rent is due under the rental agreement and the amount due on such dates. The complaint shall also allege that at least five days prior to the date on which

have failed to perform their legal duties as required by § 47a-7 of the General Statutes. The plaintiff's complaint was filed on January 18, 1984. On October 24, 1983, the defendant landlord had caused a notice to quit to be served on the plaintiff tenant. A summary process action was commenced on December 5, 1983, returnable on January 10, 1984.

The trial court dismissed the plaintiff's complaint for lack of jurisdiction since it concluded that the service of a notice to quit terminated the landlord-tenant relationship, which serves as the basis for any action under General Statutes § 47a-14h. The plaintiff has appealed, claiming the trial court erred in concluding that no landlord-tenant relationship existed between the parties because of the pendency of a summary process action.

General Statutes § 47a-1 (d) provides that " '[l]andlord' means the owner, lessor or sublessor of the dwelling unit or the building of which it is a part." " 'Tenant' means the lessee, sublessee or person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others or as is otherwise defined by law." General Statutes § 47a-1 (*l*).[2] A landlord-tenant relationship, in its most common and traditional form, is one in which there is an oral or written rental agreement between the parties containing the terms and the conditions for the use and occupancy of the subject dwelling unit. "A tenancy at sufferance arises when a person who came into possession of land rightfully

the complaint is filed, the tenant made a complaint concerning the premises to the municipal agency, in the municipality where the premises are located, responsible for enforcement of the housing code or, if no housing code exists, of the public health code. . . ."

[2] A Connecticut case decided by the Appellate Session of the Superior Court held that defendants who did not pay rent, who were not holding pursuant to a lease agreement, and who did not hold superior title to the premises were not tenants as that term is defined in General Statutes § 47a-1 (*l*) in the context of General Statutes § 47a-20. *Groton Townhouse Apts.* v. *Covington,* 38 Conn. Sup. 370, 448 A.2d 221 (1982).

continues in possession wrongfully after his right thereto has terminated." *Welk* v. *Bidwell,* 136 Conn. 603, 608–609, 73 A.2d 295 (1950).

The issuance by a landlord of a notice to quit is an unequivocal act terminating the lease agreement with the tenant. Termination of the lease does not terminate the tenancy since, upon service of a notice to quit, a tenancy at sufferance is created. *Bushnell Plaza Development Corporation* v. *Fazzano,* 38 Conn. Sup. 683, 460 A.2d 1311 (1983). In the present action, the plaintiff became a tenant at sufferance on October 24, 1983, when she was served with a notice to quit. Nonetheless, the landlord-tenant relationship continued.

The statutory obligations of the landlord and tenant continue even when there is no longer a rental agreement between them. After a notice to quit has been served, for example, a tenant at sufferance no longer has a duty to pay rent. He still, however, is obliged to pay a fair rental value in the form of use and occupancy for the dwelling unit. *Lonergan* v. *Connecticut Food Store, Inc.,* 168 Conn. 122, 131, 357 A.2d 910 (1975). A landlord also is required to fulfill his statutory obligations, even after a notice to quit has been served on the tenant and a summary process case is begun. *Ciavaglia* v. *Bolles,* 38 Conn. Sup. 603, 605–606, 457 A.2d 669 (1982). In that case, funds paid into court during the pendency of a summary process action for use and occupancy were properly partially distributed to hold over tenants in order to reimburse them for sums spent in discharge of obligations imposed on the landlord by virtue of General Statutes § 47a-7. Id., 606.

Although General Statutes §§ 47a-14h and 47a-7 use the terms "tenant" and "landlord," there is no provision which requires that the relationship between the parties be based solely on a rental contract. The word-

ing of the statutes militates against such a narrow construction. "A statute is to be construed so that all its parts have meaning . . . ." *Eagle Hill Corporation* v. *Commission on Hospitals & Health Care,* 2 Conn. App. 68, 75, 477 A.2d 660 (1984).

General Statutes § 47a-14h (g) provides that "[t]he court, in ordering interim or final relief, may order that accrued payments of rent or *use and occupancy* held by the clerk be used for the repair of the building or be distributed in accordance with the rights of the parties." (Emphasis added.) Under Connecticut law, use and occupancy, by definition, is an amount equal to fair rental value and payable during the pendency of a summary process action. General Statutes § 47a-3c. It is the amount to which the landlord is entitled after the rental agreement has been terminated but while a tenancy at sufferance exists. Use of that phrase in the statute indicates that a tenancy at sufferance falls within the court's jurisdiction pursuant to the statute. The trial court, therefore, erred in concluding that it was without jurisdiction to entertain the action.

There is error, the judgment of dismissal is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

