[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Jeanne Moltkau, commenced this action against defendant Agapito Torre on July 28, 1988 by filing an application for prejudgment remedy and a five count complaint. Plaintiff alleges in her complaint that she cohabited with the defendant from February of 1980 to June of 1988 at which time the defendant asked the plaintiff to vacate the home that the parties shared at 632 Fairfield Beach Road, Fairfield, CT Page 1623 Connecticut. Plaintiff alleges that during the time of cohabitation the parties agreed to share all real and personal property acquired through their joint efforts.
In count one or the complaint, plaintiff alleges that irrespective of the parties express contract to share all property, the defendant now wishes to dispose of the home that the parties shared at 632 Fairfield Beach Road without the plaintiff's consent. Count two of the complaint alleges that the words and conduct of the parties, to share all property acquired, amounts to an implied in fact contract. Count three of the complaint alleges that the plaintiff relied to her detriment on the defendant's representations by expending money and labor as a hostess, decorator, and homemaker. In count four of the complaint plaintiff alleges that the defendant fraudulently induced the plaintiff to detrimentally contribute her money and labor. Count five of the complaint alleges that a constructive trust arose between the parties by virtue of the defendant's unjust enrichment in retaining all assets and his abuse of their confidential relationship.
Plaintiff claims: damages, an equitable division of all property acquired during the relationship, exemplary damages, and such other relief as to equity may appertain.
On October 5, 1988, a motion was filed requesting that the matter of one Agapito Torres v. Jeanne Maltkau be consolidated with the above captioned case. This motion was granted on October 28, 1988. This was a summary process action.
On March 16, 1989, the defendant filed an answer and counterclaim seeking: (1) damages in an amount equal to the fair rental value of the premises at 632 Fairfield Beach Road, Fairfield, Connecticut, (2) interest, and (3) costs. Plaintiff's answer to the counterclaim was filed on June 12, 1989.
Directing its attention to the first and second counts of the complaint, the court would reiterate the generally accepted principles of law as asserted in the cases of Shelly v. Bristol Savings Bank, 63 Conn. 83, 87; and Hale v. Benvenuti, 38 Conn. Sup. 634, 638-639:
 A contract is an agreement between parties whereby one of them acquires a right to an act by the other; and the other assumes an obligation to perform that act. The obligation so assumed is called a promise. Contracts may be express or implied. These terms however, do not denote CT Page 1624 different kinds of contracts, but have reference to the evidence by which the agreement between the parties is shown. If the agreement is shown by the direct words of the parties, spoken or written, the contract is said to be an express one. But if such agreement can only be shown by the acts and conduct of the parties, interpreted in the light of the subject matter and of the surrounding circumstances, then the contract is an implied one.
Whether the contract is styled "express" or "implied" involves no difference in legal effect, but lies merely in the mode of manifesting assent.
Our courts have held that express contracts between non-marital partners should be enforced except to the extent that the contract is explicitly founded on the consideration of meretricious sexual services. . . . In the absence of an express contract, the conduct of the parties should be examined to determine whether that conduct demonstrates an implied contract, agreement or partnership, or joint venture, or some other tacit understanding between the parties. The decided trend among commentators and courts that have found an agreement between unmarried cohabitants is to endorse the enforcement of such agreement. (Boland v. Catalano, 202 Conn. 333,336-337, 341).
The court has examined the testimony and evidence with great care and is of the opinion that the expectations and anticipations of the plaintiff as they emerged from an amorous cohabitation were not equal to nor did they satisfy the basic requirements so as to give rise to a contract, either express or implied.
The Court does not find from its examination of the evidence that the parties agreed by words or conduct to share all real and personal property acquired through their joint efforts during the time of their cohabitation.
Directing its attention to Count Three of the complaint: Under the law of contract, a promise is generally not enforceable unless it is supported by consideration. Our courts have recognized the "development of liability in contract for action induced by reliance upon a promise, despite the absence of common law consideration normally required to bind a promisor.
Under the doctrine of promissory estoppel "a promise which the promisor should reasonably expect to induce action CT Page 1625 or forbearance is binding if injustice can be avoided only by enforcement of the promise." A fundamental element of promissory estoppel, therefore, is the existence or a clear and definite promise which a promisor could reasonably have expected to insure reliance. Thus, a promisor is not liable to a promisee who has relied on a promise if judged by an objective standard, he had no reason to expect any reliance at all. (Restatement Second), Contracts 90 (`73).
The plaintiff by the very basic rules of evidence, i.e. "preponderance of evidence" has failed to prove that the defendant made the representations which she alleged. And further, the plaintiff has failed to prove her damages, if any, within the parameters of those required, in order to support the allegations of this count.
Count #4 of the complaint, incorporating allegations of the previous three counts, asserts in essence, charges of fraudulent misrepresentation.
To prove a fraud or misrepresentation, a party must show "that a false representation was made as a statement of fact; that it was untrue and was known to be untrue by the party making it; that it was made to induce the other party to act on it; and that he did so to his injury.
Our courts have consistently held that in order to appropriately support allegations of fraud the requisite measure of proof must be somewhat more than the usual "preponderance" of evidence. It must be established by clear and convincing evidence within the aforementioned limits.
The "Heart Balm Act", Conn. Gen. Stat. 52-572b which provides that "no action may be brought upon any cause arising from alienation of affections or from breach of a promise to marry", does not do away with claims that are fraudulent in character.
Again, an examination of the evidence in this case fails to disclose anything which would be sufficient to satisfy the basic elements of this allegation.
In the Fifth and final count of the complaint, the plaintiff claims an equitable interest in all real and personal property acquired during the relationship "on the theory of a constructive trust." It is claimed that the defendant is being unjustly enriched to the detriment of the plaintiff by retaining assets belonging to both parties.
The plaintiff also asserts that the defendant abused the CT Page 1626 confidential relationship, in that he fraudulently induced her to commit her time, talents etc. to his betterment by promising that their assets would be shared.
The equitable device of a constructive trust may be used to remedy the unjust enrichment which results from not disposing of property as promised after the promise induced someone with whom the promisor shared a confidential relationship to transfer the property to the promisor.
A relationship is "confidential" for purposes of a constructive trust where: (1) one party is under the domination of another, or (2) where circumstances justify a party's belief that his or her welfare or instructions will guide the others actions. (Starzec v. Kida, 183 Conn. 41,49).
Again searching the record, the Court fails to derive therefrom any of the necessary ingredients that could fairly and equitably support this request for intervention on the part of the court. The assets of the defendant, upon which the plaintiff seeks to have this court fasten a constructive trust, were always his assets, not only in name but in any other conceivable aspect.
Although it is obvious that the plaintiff made a contribution to the cohabitive relationship as it were, by her presence and many other little things that made it more pleasant, if not in fact more domestic. Nevertheless the court is hard-pressed to embrace those contributions on the part of the plaintiff, as being sufficiently significant so that it would be compelled to conclude that the same results would not have occurred to the defendant, without those contributions.
The defendant alleges in his counterclaim that on May 1, 1988 he requested plaintiff to vacate the premises of defendant's home at 632 Fairfield Beach Road, Fairfield, Connecticut. Defendant, thereafter, caused a notice to quit said premises, on or before June 30, 1988, to be served upon the plaintiff. The plaintiff refused to vacate and the instant action was instituted. The defendant claims that he is entitled to receive from the plaintiff the fair rental value for the premises from May 1, 1988 through the termination of the pending action.
Conn. Pub. Act. No. 89-254, 9, which repealed Conn. Gen. Stat. 47a-26b, provides that "[i]f the defendant appears [in a summary process action], the court shall, upon motion . . . order the defendant to deposit with the court . . . payments CT Page 1627 for use and occupancy in an amount equal to the last agreed-upon rent during the pendency of such action accruing from the date of said order." Conn. Pub. Act No. 89-254, 9(a). "The motion for use and occupancy payments shall include a statement of the amount of the last agreed-upon rent". Id. Upon defendant's objection, the court shall hold a hearing "after which the court shall order the defendant to deposit with the court payments for use and occupancy in an amount equal to the fair rental value of the premises during the pendency of such action. . . ." Id. at subsection (c). "The last agreed-upon rent shall be prima facie evidence of the fair rental value of the premises." Id.
 Under Connecticut law, use and occupancy, by definition, is an amount equal to fair rental value and payable during the pendency of a summary process action. General Statutes 47a-3c. It is the amount to which the landlord is entitled after the rental agreement has been terminated but while a tenancy at sufferance exists.
Rivera v. Santiago, 4 Conn. App. 608, 611 (1985).
"A tenancy at sufferance arises when a person who came into possession of land rightfully continues in possession wrongfully after his right there to has terminated." Id. at 609-10. "A tenant at sufferance is a tenant who holds over at the expiration of a lease without the consent of the landlord (citations omitted). Only if the defendant had first been tenants, could they subsequently become tenants at sufferance." Chomko v. Patmon, 13 Conn. App. 483, 487 (1989).
"A landlord and tenant relationship `will never be implied where the acts and conduct of the parties are inconsistent with its existence.' 49 Am. Jur.2d, Landlord and Tenant 11." "`Landlord' means the owner, lessor or sublessor of the dwelling unit or the building of which it is a part." Conn. Gen. Stat. 47a-1(d). "`Tenant' means the lessee, sublessee or person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others or as is otherwise defined by law." Conn. Gen. Stat. 47a-1 (2). "A landlord-tenant relationship, in its most common and traditional form, is one in which there is an oral or written rental agreement between the parties containing the terms and the conditions for use and occupancy of the subject dwelling unit." Rivera,4 Conn. App. at 609.
The Court is of the opinion, and would hold, that the defendant has failed to prove that a landlord-tenant CT Page 1628 relationship existed between the parties; and further that he has failed to prove a tenancy at sufferance.
Judgment may enter for the defendant in the matter of Jeanne Moltkau v. Agapito Torre, on the complaint; and for the plaintiff on the cross-complaint.
MILTON J. HERMAN State Trial Referee