[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
INTRODUCTION AND FACTUAL BACKGROUND
The plaintiffs landlord had filed the present lawsuit seeking possession of an apartment at 27 Russell Avenue, CT Page 9951 Plainville, Connecticut, now occupied by the defendant and her two minor children.
A notice to quit was served on the defendant on August 30, 1991 stating four reasons for the termination of the lease: (1) nonpayment of rent; (2) lapse of time; (3) nuisance; and (4) violation of paragraphs 3, 4 and 7 of the lease. As the defendant did not vacate on or before September 10, 1991, the plaintiff commenced this litigation with a three-count complaint based on all of the above reasons except nuisance. The matter was tried before this court on October 23, 1991. At trial, the landlord first withdrew any claim against one "Frank Doe" and also withdrew Count Three (violation of lease).[1]
The plaintiff testified that she owned four units and that the agreed upon rent of $600.00 per month had not been paid. Additionally, she volunteered that she had served a prior notice to quit on the defendant in June 1991 but that she had given the defendant until August to vacate. She also indicated that while the parties had attempted to resolve their differences in late July or early August, the defendant had not offered to pay her any rent. The defendant testified on a number of areas, including the August meeting. Her testimony was that she indeed offered August's rent but requested time for payment of any back monies. Ms. Dubois also testified about certain habitability issues, including lack of ventilation and possible electrical problems.
The court also heard testimony from Deborah Quigley, the plaintiff's daughter (as well as the plaintiffs attorney's secretary). Her testimony, together with another issue not raised by the parties, controls the outcome of this case. She discussed exhibit B, the letter dated July 12, 1991 to Ms. Dubois which indicated that the landlord would not proceed with an eviction on the first notice to quit. She testified that she had two calls with the defendant and in each case the defendant asked to speak with the plaintiff directly. Ms.
Quigley indicated that due to personal circumstances her mother was unavailable.
 II.
Discussion
 A.
A review of the exhibits in this case indicates that the notice to quit was addressed to the defendant at CT Page 9952 27 Russell Avenue. The plaintiff testified that the building contained four units, three occupied by her sons and one by the defendant. The notice to quit does not contain an apartment number.
General Statutes 47a-23(b) requires the landlord to include certain information in preparing a notice to quit, including the apartment number or other applicable designation. This requirement was added to the statutes in P.A. 87-507. Prior to that time, there was no mandate to include the apartment number. See, for example, DiMauro v. D'Atil, No. 3966, January 10, 1980, Spada, J. (H-162).
In Rich Taubman Associates v. Herman's Sporting Goods, Inc., SPH 8807-07646, May 30, 1988, (SNBR-329), Judge Riefberg discussed the impact of P.A. 87-507 and dismissed a case in which the defendants store was improperly numbered. He noted that as the summary process statutes are to be strictly construed, Vogel v. Bacus, 133 Conn. 95, 97 (1946), the failure to include the proper number, even though the defendant conceded receiving the notice, was jurisdictional. In the present case the landlord has failed to include any number or designation and, thus, has clearly failed to comply with the legislature's request for specificity. As a valid notice to quit is the condition precedent to a summary Process action, O'Keere v. Atlantic Refining Co., 132 Conn. 613, 622 (1946), this action must fail. The court recognizes that the defendant did not raise this issue but jurisdictional issues must be addressed when brought to the court's attention. Cahill v. Board of Education, 198 Conn. 229, 238 (1985);practice Book 145. Subject matter jurisdiction may not be waived. Id.
Having concluded that this court has no jurisdiction to hear this matter, it is unnecessary to address the other issues in this case. The court would note, however, as future litigation is indeed likely, that from the testimony of Ms. Quigley and Mrs. Broderick, it is clear that after the July 12, 1991 letter was written, there was no meeting of the minds on the terms of a new tenancy. Hence, as a result of the June 1991 notice to quit, the tenant remains as a tenant at sufferance. Rivera v. Santiago, 4 Conn. App. 608, 610 (1985). This raises obvious questions about the plaintiffs ability to pursue Count One — nonpayment, Id., 610, and Count Two lapse or time, Russo v. Forbes, SPH 8603-7889, June 2, 1 Goldstein, J. (H-751).
 III.
Conclusion CT Page 9953
The court having no jurisdiction, the case is dismissed.
BERGER, J.