[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a summary process action based on nonpayment of rent. The plaintiff proved the allegations of his complaint. The defendant, however, filed a special defense alleging that the plaintiff had failed to make necessary repairs. That is the outstanding issue, ladened with difficult questions of credibility. The court is the arbitrator of the believability or credibility of the witnesses. "The credibility of witnesses is entirely a matter for the discretion of the trier who alone can observe the witnesses and draw inferences from the demeanor."Piantedosi v. Florida, 186 Conn. 275, 277 (1982). The court must weigh and interpret the evidence before it; Smith v. Smith,185 Conn. 491, 493 (1981); aided or impeded in that task by thequality of the parties' presentations.[1]
On the issue raised by her special defense, the defendant had the burden of proof by a fair preponderance of the evidence.Perley v. Glastonbury Bank Trust Co., 170 Conn. 691, 698,368 A.2d 149 (1976).
"In the absence of a statute or covenant to the contrary, the lessor does not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the lessee. Thomas v. Roper, 162 Conn. 343, 348,294 A.2d 321 (1972); see Ciavaglia v. Bolles, 38 Conn. Sup. 603,605, 457 A.2d 669 (1982). This common law principle is significantly modified by General Statutes § 47a-7 which, among other things, requires the landlord to (1) Comply with the requirements of chapter 368o and all applicable building and housing codes materially affecting health and safety of both the state or any political subdivision thereof; (2) make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition, except where the premises are intentionally rendered unfit or uninhabitable by the tenant, a member of his family or other person on the premises with his consent, CT Page 12118 in which case such duty shall be the responsibility of the tenant . . . (4) maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating and other facilities and appliances and elevators, supplied or required to be supplied by him . . . .
"In a defense of a summary process action based on § 47a-7, [t]he defendant must prove that the premises were in such a state in the month of nonpayment so as to render the [premises] unfit and uninhabitable. Alteri v. Layton, [35 Conn. Sup. 261,267, 408 A.2d 18 (1979)]. The defects must materially and substantially affect the tenants' use of the premises. It is not enough for the tenant to show that the premises are not in full code compliance . . . . The requested repair involved must be one necessary to put and keep the premises in a fit and habitable condition. [General Statutes § ] 47a-7 (a)(2), Visco v. Cody,
[16 Conn. App. 444, 453, 547 A.2d 935 (1988)]. If minor repairs were sufficient to trigger the statutory defenses of unfit and uninhabitable what was intended as a shield for the benefit of tenants would be metamorphosed into a sword to deprive landlords of their property. Visco v. Cody, supra 453. Mere technical or cosmetic violation of governmental codes are not sufficient to rise to the level of the defense of unfit and uninhabitable.
"To be successful a tenant must demonstrate actual and serious deprivation of the use contemplated by the parties to the lease. Gayle v. Young, Superior Court, judicial district of Fairfield, Housing Session, No. SPBR 9409-27973 (1995). The code violations must be substantial and a serious deprivation to health and safety for those to be grounds for a rent abatement or sanctions of any sort. Id. Whether the premises are abatement able is a question of fact for the trier, to be decided in each case after a careful consideration of the situation of the parties to the lease, the character of the premises, the use to which the tenant intends to put them, and the nature and extent by which the tenant's use of the premises is interfered with by the injury claimed. Reid v. Mills, 118 Conn. 119, 122, 171 A. 29
[1934]; see Hayes v. Capitol Buick Co., [119 Conn. 372, 378-79,176 A. 885 (1935)]; Tungsten Co. v. Beach, 92 Conn. 519, 524,103 A. 632 [1918]. Thomas v. Roper, supra, 347; accord, Johnsonv. Fuller, 190 Conn. 552, 556-57, 461 A.2d 988 (1983)."Hackbarth v. Ross, Superior Court, judicial district of New Haven, Housing Session, No. CV 96-7800 (August, 1997).
Applying these criteria, the court finds that the plaintiff CT Page 12119 has not made many repairs which he should have. However, many of the requested repairs do not implicate the habitability of the premises. However, the defendant complains about two holes in her ceiling through which water enters her apartment. This certainly did implicate, and continues to implicate, the apartment's habitability. I do not find, as the plaintiff claims, that the holes were made during the defendant's brief tenancy. Although, neither party was entirely credible, the defendant clearly took pride in the appearance of her apartment. This is evidenced by the fixture she purchased for it.
The defendant, despite her conduct and the questions of credibility which permeate this matter, has sustained her burden of proof on the special defense.
Judgment may enter for the defendant.
BY THE COURT
Bruce L. LevinJudge of the Superior Court