[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This summary process action, based on nonpayment or rent, was tried to the court. The plaintiff has proven the allegations or his complaint, that the defendants failed to pay rent for the dwelling in January, 1998. However, the defendants have interposed the special defense that the premises were uninhabitable. The defendants had the burden of proof as to the special defense. Atlantic Richfield Co. v. Canaan Oil Co.,202 Conn. 234, 237, 520 A.2d 1008 (1987); see Johnson v. Fuller,190 Conn. 552, 555, 461 A.2d 988 (1983); Perley v. Glastonbury Bank Trust Co., 170 Conn. 691, 698, 368 A.2d 149 (1976).
"In the absence of a statute or covenant to the contrary, the lessor does not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the lessee.[1] Thomas v. Roper, 162 Conn. 343, 348,294 A.2d 321 (1972); see Ciavaglia v. Bolles, 38 Conn. Sup. 603, 605,457 A.2d 669 (1982). This common law principle is significantly modified by General Statutes § 47a-7[1] which, among other things, requires the landlord to `(1) Comply with the requirements of chapter 368o and all applicable building and CT Page 5431 housing codes materially affecting health and safety of both the state or any political subdivision thereof; (2) make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition, except where the premises are intentionally rendered unfit or uninhabitable by the tenant, a member of his family or other person on the premises with his consent, in which case such duty shall be the responsibility of the tenant . . . (4) maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating and other facilities and appliances and elevators, supplied or required to be supplied by him. . . .'
"In a defense of a summary process action based on §47a-7, [t]he defendant must prove that the premises were in such a state in the month of nonpayment so as to render the [premises] unfit and uninhabitable. Alteri v. Layton, [35 Conn. Sup. 261,267, 408 A.2d 18 (1979)]. The defects must materially and substantially affect the tenants' use of the premises. It is not enough for the tenant to show that the premises are not in full code compliance. . . . The requested repair involved must be "one necessary to put and keep the premises in a fit and-habitable condition." [General Statutes §] 47a-7 (a)(2), Visco v. Cody, [16 Conn. App. 444, 453, 547 A.2d 935 (1988)]. If minor repairs were sufficient to trigger the statutory defenses of unfit and uninhabitable "what was intended as a shield for the benefit of tenants would be metamorphosed into a sword to deprive landlords of their property." Visco v. Cody, supra 453. Mere technical or cosmetic violation of governmental codes are not sufficient to rise to the level of the defense or unfit and uninhabitable.
"To be successful a tenant must demonstrate actual and serious deprivation of the use contemplated by the parties to the ease.' Gayle v. Young, Superior Court, judicial district of Fairfield, Housing Session, No. SPBR 9409-27973 (1995). `The code violations must be substantial and a serious deprivation to health and safety for those to be grounds for a rent abatement or sanctions of any sort.' Id. `Whether the premises are untenantable is a question of fact for the trier, to be decided in each case after a careful consideration of the situation of the parties to the lease, the character of the premises, the use to which the tenant intends to put them, and the nature and extent by which the tenant's use of the premises is interfered with by the injury claimed.' Reid v. Mills, 118 Conn. 119, 122,171 A. 29 [1934]; see Hayes v. Capitol Buick Co., [119 Conn. 372,378-79, 176 A. 885 (1935)]; Tungsten Co. v. Beach,
CT Page 543292 Conn. 519, 524, 103 A. 632 [1918]. Thomas v. Roper, 162 Conn. 343,347, 294 A.2d 321 (1972); accord, Johnson v. Fuller,190 Conn. 552, 556-57, 461 A.2d 988 (1983)." Hackbarth v. Ross, Superior Court, judicial district of New Haven, Housing Session, No. CV 96-7800 (Aug. 1997).
Applying these criteria, the court finds that the demised premises are a residential apartment being put to a residential use. The situation of the parties is in one sense a typical landlord-tenant relationship. However, that relationship has become tainted by the the fact, or the belief of the defendant Stella Antonucci (the defendant), that the plaintiff's son molested her son. Indeed, that is the reason, the defendant testified, that she has withheld rent. The plaintiff claims that he is entitled to judgment because the defendant's motive in withholding rent is unrelated to the condition of the premises. General Statutes § 47a-7, however, contains no such motive requirement. Cf. Labor Board v. I. M. Electric Co., 318 U.S. 9,18, 63 S.Ct. 394, 87 L.Ed. 579 (1943) (when National Labor Relations Board complaint issues, only question is truth of its accusation; motives or bad faith of informer cannot deprive board of jurisdiction); Protect Hamden/North Haven v. Planning andZoning Board, 220 Conn. 527, 547, 600 A.2d 757 (1991) (that private applicants for amendments to local zoning regulations usually are motivated by their own economic interests, which often include an intent to develop a specific site in a specific way, "should not limit-the scope of the zoning commission's consideration of the application and of its ultimate decision thereon more narrowly than is appropriate under § 8-2.");Caserta v. Zoning Board of Appeals, 219 Conn. 352, 361-62,593 A.2d 118 (1991) (zoning enforcement officer's motive in taking action does not vitiate statutory right of review).
The defendants have not sustained their burden of proof on the special defense. The testimony of neither the plaintiff nor the defendant was entirely credible. The testimony of Mr. Johnson and Mr. Sioson was credible, although Mr. Sioson's memory was wanting in material respects. Even though the apartment may not have been habitable in December, the court cannot find that the remaining problems with the apartment interfered with the defendants' use thereof in January. Moreover, as the plaintiff observes in his brief, a comparison of the condition of the premises, as reported by the Housing Official in his correspondence, with the condition of the premises in January, 1998, certainly gives rise to an inference that the many of the CT Page 5433 damages to the apartment were caused "by the tenant, a member of h[er] family or other person on the premises with h[er] consent. . . ." General Statutes § 47a-7 (a)(2). In such circumstances, the duty of repair is the tenant's responsibility. The remaining defects simply have not been shown to "materially and substantially" interfere with the defendant's use. The apartment is not uninhabitable.
For this reason, judgment may enter for the plaintiff. A modification of the minimum statutory stay of execution, to the conclusion of the school year, may he entertained by the court together with an order for use and occupancy payments.
BY THE COURT,
Bruce L. Levin Judge of the Superior Court