[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff an employee of Burger King, while in the course of her employment, fell on the business premises and brings this action to recover for injuries sustained in that fall. The defendant is the owner of the fee of subject premises and executed a ground lease on December 7, 1982 in favor of Burger King. The defendant, Antonacci, claims that under said lease, Burger King is in exclusive control of the premises and that he has no obligation to care for the premises.
"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to CT Page 174 any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ."(Citations omitted; internal quotation marks omitted.) Hertz Corp. v. FederalInsurance Co., 245 Conn. 374, 380, ___ A.2d ___ (1998). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Daoust v. McWilliams, 49 Conn. App. 715,719, ___ A.2d ___ (1998), quoting Connell v. Colwell,214 Conn. 242, 246-47, 571 A.2d 116 (1990).
"Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claims with evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of . . . a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citations omitted; internal quotation marks omitted.) Burnham v. Karl and Gelb, P.C., 50 Conn. App. 385, 387, ___ A.2d ___ (1998).
In support of the motion for summary judgment the defendant argues that he does not owe a duty to the plaintiff because the leased premises were under the control and possession of the lessee, Burger King. The defendant provided affidavits stating that Burger King retained exclusive control of the premises. The plaintiff argues in opposition that the lease does not explicitly grant exclusive control or possession over the premises to Burger King. Therefore, the plaintiff argues, the defendant owes a duty to the plaintiff and should be liable for her injuries.
The law regarding the duties of owners and possessors of property is clear. "Liability for injuries caused by defective premises is not based on title, but rather upon possession and control. Farlow v. Andrews Corp. , 154 Conn. 220, 224 A.2d 546
(1966). A necessary condition precedent to the imposition of CT Page 175 liability is that the defendant had some control or the right to exercise such control over the portion of the premises containing the alleged defective condition and therefore had a right as well as a duty to remedy the condition. Cieszynski v. FranklinCorporation, 25 Conn. Sup. 342, 345, 203 A.2d 676 (1964). Where the plaintiff fails in its proof as to this essential allegation, the specific acts of negligence provide no legal basis for recovery because if a defendant owes no duty to the plaintiff it could not be guilty of negligence. Rosa v. American Oil Co.,129 Conn. 585, 589, 30 A.2d 385 (1943)." Adams v. Recorded PictureCo., Superior Court, judicial district of New London at New London, Docket No. 517924 (Nov. 10, 1993, Teller, J.).
"`In the absence of a statute or covenant to the contrary, the lessor does not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the lessee.'" Ciavaglia v. Bolles, 38 Conn. Sup. 603, 605,457 A.2d 669 (1982), quoting Thomas v. Roper, 162 Conn. 343, 348,294 A.2d 321 (1972). "The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee. . . . Control is a practical issue. . . . Control carries with it the responsibility to correct the condition and ascribes fault when the responsibility is not lived up to." (Citations omitted; internal quotation marks omitted.)Meaney v. City of Bridgeport, Superior Court, judicial district of New Haven at New Haven, Docket No. 397628 (Feb. 3, 1998,Zoarski, J.T.R.).
In the present case, the defendant executed a ground lease with Burger King wherein Burger King had the right to make improvements and/or changes to the land for a finite term.[1]
No rights remained with the owner in this regard. At the time of the incident at issue, Burger King was in exclusive control and possession of the premises as stated in the affidavits provided by the defendant. Further, the defendant did not exercise any control over the property; his involvement did not exceed mere ownership, as stated in his affidavit.
When there are veritable questions as to who is in control of property, issues of fact are created which may be inappropriate for determination by summary judgment. "Whether the defendant retained control of [the] area is essentially a matter of intention to be determined in the light of all the significant circumstances. . . ." (Internal quotation marks omitted.) BrownCT Page 176v. Bielawski, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 472801 (Sep. 13, 1996, Arena,J.).
Control is not an issue in every case however, it arises only when the lease agreement is ambiguous. Control "becomes an issue of fact for the trier, however, only where the written lease read as a whole cannot be said to resolve clearly or expressly the issue of control." Adams v. The Recorded Picture Co., Superior Court, judicial district of New London at New London, Docket No. 517924 (Nov. 10, 1993, Teller, J.); see also Panaroni v.Johnson, 158 Conn. 92, 99, 256 A.2d 246 (1969); Rogers v. GreatAtlantic Pacific Tea Co., 148 Conn. 104, 107, ___ A.2d ___ (1961).
The plaintiff has not raised a genuine issue of fact regarding control and possession. The court will therefore grant the defendant's Motion for Summary Judgment.
PELLEGRINO, J.