[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff filed this summary process action seeking a judgment of possession for the premises located at 320 State Street, New London, Connecticut.
The complaint was returned to the court on May 4, 2001. On May 7, 2001, the defendants filed a motion to dismiss. In their motion, the defendants claim that this court lacked subject matter jurisdiction because the plaintiff's notice to quit was defective. The defendants attack the notice to quit on two grounds: 1) that subsequent actions by the plaintiff rendered the notice to quit equivocal; and 2) that the CT Page 7944 notice to quit listed a single reason for termination of the lease (lapse of time) which was not correctly pled in the plaintiff's complaint.
The following facts, which are not in dispute, are essential to the court's determination of this matter.
On March 14, 2001, the plaintiff signed a notice to quit possession which was served on the defendants on March 16, 2001. In the notice to quit, the plaintiff stated: "I hereby terminate your lease and give you notice that you are to quit possession or occupancy of the premises described above and now occupied by you on or before March 31, 2001 for the following reasons: lapse of time under the oral month-to-month lease. Said oral month-to-month lease will terminate on March 31, 2001."
On April 26, 2001, the plaintiff served upon the defendants the summary process writ, summons and complaint. Counts three through six of said complaint read as follows:
 "3) the defendants have failed to pay any rent due under the lease since the inception of said lease.
 4) the plaintiff decided to terminate the oral month-to-month lease and take back possession of the subject property.
 5) on March 16, 2001, in order to terminate the oral month-to-month lease, the plaintiff caused a written notice to be duly served on the defendants to quit possession of the leased premises on or before March 31, 2001, as required by law. A copy of which notice is attached and marked as Exhibit A.
 6) although the time designated in the notice for the defendants to quit possession of the premises has passed, the defendants still continue in possession."
As noted above, the foregoing complaint was returned to the court on May 4, 2001. The parties have stipulated that on March 16, 2001, three days after signing the notice to quit, the plaintiff wrote a letter to the defendants. The correspondence states in part:
"Inasmuch as you had not paid any rent since you have occupied the building now for several years, and particularly since my earlier request, I have served a Notice to Quit seeking possession of the property. CT Page 7945
 If on the other hand you wish to remain on the property, the rent will be $6.50 per square foot based on 1,600 square feet of occupancy, for an annual rent of $10,400.00 and a monthly rent of $866.00 retroactive to November, 2000. I will accept any reasonable terms you may offer with respect to the payment of an arrearage of $3,464.00. It's entirely up to you as to whether or not we proceed with the eviction." (Defendants' Reply and Supplemental Memorandum in Support of Motion to Dismiss dated May 11, 2001, Exhibit 1.)
The parties have further stipulated that on May 2, 2001, the plaintiff sent a second letter to the defendants (Defendants' Memorandum in support of Motion to Dismiss dated May 7, 2001, Exhibit B). In the May 2nd letter, the plaintiff states in pertinent part:
 "I have been in discussions with the other tenants in the Ash Building. I have agreed to reduce my earlier demand of $6.50 per square foot to $5.50 per square foot for the storefront areas as well as a portion of the office space. I cannot justify allowing you to stay there any longer for anything less than what the other tenants are paying. I recognize that you managed the building for several years while you were there, and I also recognize that you have improved the building while you were there. Notwithstanding all of that, you did enjoy the use of the premises rent free for a length of time that would put the value of your space far in excess of your services as manager or your improvements to the premises.
 Effective May 1, 2001, your rent will be $734.00 per month. I also expect you to make up arrearages of $3,666.66 by whatever method you may find convenient.
 Unless I hear from you, I will proceed with the summary process action and assume that you will be looking for similar quarters elsewhere."
The defendant contends that the plaintiff's two letters render the March 14, 2001 notice to quit equivocal.
Connecticut case law is clear that the issuance of a notice to quit by a landlord is an unequivocal act terminating the lease agreement with the CT Page 7946 tenant. See Rivera v. Santiago, 4 Conn. App. 608, 610 (1985).
A proper notice to quit is a jurisdictional necessity as a condition preprecedent to a summary process action. Lampasona v. Jacobs,209 Conn. 724, 729 (1989).
The defendants have cited two cases in support of the contention that the landlord's subsequent actions rendered the notice to quit equivocal, and hence invalid.
In Danpar Associates v. Falkha, 37 Conn. Sup. 820 (1981), the landlord's counsel wrote to the defendant on the day after defendant was served with a notice to quit for nonpayment of rent. In that letter, counsel indicated his client was proceeding with the summary process action but indicated that "my client had no objection to rewriting the lease with the increased rent, but at this point the only thing that stands in the way is money." Danpar Associates v. Falkha, supra, 822. The court held that "the letter from the attorney on the very next day negated the effect of the notice to quit, however, at least until the further negotiations which that letter invited had terminated." DanparAssociates v. Falkha, supra, 824.
Similarly, in the case of 617 Park Street Limited v. JohnDiakomanolis, Docket No. SPH9407-76760, Superior Court, Judicial District of Hartford/New Britain at Hartford, Housing Session (DiPentima, J.) October 31, 1994, the court found that an offer to renew a lease after the notice to quit had been served rendered the notice equivocal. In that case, the plaintiff's attorney corresponded with the defendant's attorney and made a new lease proposal. That letter was sent the day before the termination date indicated in the notice to quit. Judge DiPentima found that "While the language contained in the Notice to Quit was unequivocal, the actions of the plaintiff soon after service of that notice was not."
The court finds that the holdings of the foregoing cases are applicable to the facts of this case.
The two letters, one written two days after the notice to quit was issued and the other sent approximately a month and a half later, constitute evidence of the plaintiff's ongoing invitation to the defendant to enter into a new rental agreement. The court finds that those letters rendered the notice to quit equivocal. Since an unequivocal notice is required to terminate the tenancy, the notice was defective. Because a valid notice to quit is a condition precedent to commencing a summary process action, this court lacks subject matter jurisdiction.[1]
CT Page 7947
The court finds that the plaintiff's complaint appears to list nonpayment of rent as a grounds for the action. The court further notes that the plaintiff's complaint refers to the plaintiff's decision "to terminate the oral month to month lease and take back possession of the subject property," but does not specifically plead lapse of time as a ground for the eviction action. Conversely, the notice to quit in this case does not mention nonpayment of rent, and only cites lapse of time as reason for termination of the rental agreement.
Accordingly, the court also finds that the notice to quit was defective because it did not afford the defendant notice of the defendant's intention to pursue the nonpayment of rent as a ground for eviction. This also rendered the notice to quit invalid, and precludes the court from exercising subject matter jurisdiction.
Accordingly, for the reasons stated above, the motion to dismiss is hereby GRANTED.
Dyer, J.