[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15545
This is an action claiming unpaid rent totaling $13,608.13 for a portion of the commercial building located at 181 Middle Street, Bridgeport, CT. The evidence presented at trial established that the plaintiff and the defendant, Mark F. Gross Associates, P.C., entered into an oral, month to month lease with an initial rental amount of $1200.00 per month, which was later increased to $1333.33 per month.
The plaintiff has established liability on the part of Mark F. Gross 
Associates, P.C. for unpaid rent through May 18, 1992 in an amount equaling $10,382.33. On May 19, 1992, a notice to quit possession was served on the defendant, Mark F. Gross Associates, P.C. Thereafter, rent would not have been due. "After a notice to quit has been served . . . a tenant at sufferance no longer has a duty to pay rent. He still, however, is obliged to pay a fair rental value in the form of use and occupancy . . ." Rivera v. Santiago, 4 Conn. App. 608, 610 (1985). Since plaintiff has not included a claim for use and occupancy in its complaint, no sums are awarded for the period from May 19, 1992 until the defendant vacated the property on or about June 10, 1992.
Although the plaintiff has attempted to implicate Mark F. Gross, individually, for the rental amounts due, the evidence failed to establish any personal liability on the part of Mark F. Gross. The defendant, Mark F. Gross, testified credibly that he never dealt with the plaintiff in an individual capacity and that all dealings were between the plaintiff and the P.C.
Similarly, the plaintiff "s argument that the court should pierce the corporate veil of Mark F. Gross Associates, P.C. to hold Mark F. Gross personally liable is unavailing. The court cannot find "such domination of finances, policies and practices" to make a determination that the defendant, Mark F. Gross Associates, P.C., had "no separate mind, will or existence of its own and [wa]s but a business conduit for its principal." Toshiba America Med Sys. v. Mobile Med Sys., 53 Conn. App. 484,490 (1999).
Accordingly, judgment may enter for the plaintiff in the amount of $10,382.33 against the defendant, Mark F. Gross Associates, P.C., only. No prejudgment interest is awarded. Judgment may enter for the defendant, Mark F. Gross, individually.
BY THE COURT
Leavitt, J. CT Page 15546